COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| CLINTON E. WOLF and | | No. 08-06-00297-CV |
| JOANN P. WOLF, | § | |
| | | Appeal from |
| Appellants, | § | |
| | | 34th District Court |
| v. | § | |
| | | of El Paso County, Texas |
| VINCENT B. ANDREAS, III and | § | |
| MICHAEL L. ANDREAS, | | (TC # 2006-2175) |
| | § | |
| Appellees. | | |

**O P I N I O N**

Clinton E. Wolf and Joann P. Wolf appeal bring this restricted appeal challenging the validity

of the registration of a foreign judgment. For the following reasons, we dismiss the appeal for want

of jurisdiction.

**FACTUAL SUMMARY**

On May 31, 1991, an Arizona court entered judgment in favor of the Andreases against the

Wolfs and other defendants[1] in the amount of $923,868 plus interest (the "Arizona judgment"). The

Andreases registered the Arizona judgment in Texas on June 4, 1991 by filing in the 171st District

Court of El Paso County a Notice of Filing of Foreign Judgment (the "first Texas judgment"). They

recorded abstracts and a writ of execution was issued in February 1992. According to the facts pled

in the Wolfs' original answer and counterclaim, no other writs of execution were issued.

On May 2, 2006, the Andreases sought to enforce the Arizona judgment by filing in the 34th

_____

[1] The judgment provided that the Wolfs and the other defendants are jointly and severally liable.

District Court another Notice of Filing of Foreign Judgment and a Petition for Enforcement of a Foreign Judgment (the "second Texas judgment"). By their petition, the Andreases requested that the district court issue all writs and processes necessary in the enforcement and collection of the Arizona judgment in accordance with the Texas Uniform Enforcement of Foreign Judgments Act, Section 35.001 of the Texas Civil Practice and Remedies Code. On May 25, 2006, the Wolfs filed an Original Answer, Counterclaim for Declaratory Relief and Application for Injunctive Relief. On July 7, 2006, the Wolfs filed a motion for partial summary judgment on their affirmative defense of limitations and on August 24, 2006, they filed a notice of appeal. We dismissed that appeal for want of jurisdiction because the notice and the motion for extension of time to file the notice were untimely. *Clinton E. Wolf and Joann P. Wolf v. Vincent B. Andreas, III and Michael L. Andreas*, No. 08-06-00230-CV, 2006 WL 2636059 (Tex.App.--El Paso Sept. 14, 2006, no pet.). The Wolfs then filed a notice of restricted appeal on October 31, 2006. On December 4, 2006, while this appeal was pending, the trial court entered an order finding that it lacked jurisdiction to rule on the Wolfs' motion for partial summary judgment. Since the mere filing of the Arizona judgment on May 2, 2006 constituted a final judgment, its plenary power had expired.

## JURISDICTION

The Andreases argue that we lack jurisdiction of this restricted appeal because the Wolfs have not satisfied the requirements of TEX.R.APP.P. 30 since they filed a timely post-judgment motion. The Wolfs respond that their original answer and counterclaim should not be construed as a post-judgment motion.

A restricted appeal is a direct attack on a judgment. *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 309 (Tex.App.--Houston [1st Dist.] 2001, pet. denied). Rule 30 of the Texas Rules of Appellate Procedure 30 provides:

A party who did not participate--either in person or through counsel--in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX.R.APP.P. 30. Five elements are necessary to directly attack a judgment by restricted appeal: (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a post-judgment motion or request for findings of fact and conclusions of law or a notice of appeal; and (5) the error complained of that shows the invalidity of the judgment must be apparent on the face of the record. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.013 (Vernon 1997); *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). If a party timely files a post-judgment motion, a restricted appeal is not available. *See In the Estate of Head*, 165 S.W.3d 897, 902-03 (Tex.App.--Texarkana 2005, no pet.)(motion to reconsider summary judgment); *S.P. Dorman Exploration Company v. Mitchell Energy Company*, 71 S.W.3d 469, 470 (Tex.App.--Waco 2002, no pet.)(motion for new trial); *Roth v. Raatz*, No. 03-02-00735-CV, 2003 WL 192137, *3 (Tex.App.--Austin Jan. 30, 2003, no pet.)(motion for new trial); *Rios v. Willingham*, No. 05-01-01284-CV, 2003 WL 253577, at *1, 1-2, (Tex.App.--Dallas Feb. 6, 2003, no pet.)(motion for new trial).

A judgment creditor retains the right to bring an action to enforce a judgment instead of proceeding under Chapter 35 of the Civil Practice and Remedies Code, the Texas Uniform Enforcement of Judgments Act (UEJA). TEX.CIV.PRAC.&REM.CODE ANN. § 35.008 (Vernon 1997). When he does so, his petition as plaintiff initiates the action; the judgment debtor, as defendant, can assert his defenses; and a judgment results. *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex.App.--Dallas 1991, no pet.). A losing party can appeal just as in any other case. *Id.* Where, as here, a judgment creditor chooses to proceed under Section 35.003, the filing of the properly authenticated foreign judgment comprises both a plaintiff's original petition and a final judgment. *Walnut Equipment Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996); *Moncrief*, 805 S.W.2d at 23; *see* TEX.CIV.PRAC.&REM.CODE ANN. § 35.003 (an authenticated copy of a foreign judgment may be filed in the office of the clerk of any Texas court of competent jurisdiction; the clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed; and a filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed). Any motion to contest the recognition of a foreign judgment, filed within thirty days after the filing of the foreign judgment, operates as a motion for new trial in the context of a Section 35.003 proceeding. *Moncrief*, 805 S.W.2d at 23.

A review of the Andreases' original petition reveals that they were proceeding under Chapter 35 of the Civil Practice and Remedies Code. By filing an authenticated copy of the Arizona judgment in compliance with the requirements of the UEJA, it became enforceable as a Texas judgment on May 2, 2006, the date it was filed. The Wolfs filed a pleading entitled "Original Answer, Counterclaim for Declaratory Relief and Application for Injunctive Relief." In this pleading, they alleged a general denial and affirmative defenses to enforcement of the Arizona

judgment in Texas. Additionally, they sought declaratory relief pursuant to Chapter 37 of the Civil Practice and Remedies Code "regarding their obligations to Plaintiffs relating to the Texas Judgment, the Abstracts, the Petition for Enforcement and Plaintiffs' ability to enforce by any means any judgment in Texas based on a registration of the Arizona Judgment." They specifically sought a declaration that the Arizona judgment is unenforceable in Texas. Finally, the Wolfs sought injunctive relief to prevent enforcement of the Texas judgment.

The Wolfs contend that their answer and counterclaim for declaratory judgment and injunctive relief should not be "renamed" or "reclassified" as a post-judgment motion in order to defeat their entitlement to a restricted appeal under Rule 30. We are not concerned with the name of the pleading. We look to the substance of a pleading to determine the relief sought, not merely to its form or title. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980)(although pleading was captioned as a motion for summary judgment, a review of the substance revealed that the State Bar was asking, not for summary judgment, but for the special remedy of suspension provided for by statute); *see Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999)("we look to the substance of a motion to determine the relief sought, not merely to its title"). By their counterclaim for declaratory judgment and injunctive relief, the Wolfs were plainly contesting the Texas court's recognition of the Arizona judgment. In the context of a proceeding under Section 35.003, this constitutes a post-judgment motion. *See Moncrief*, 805 S.W.2d at 23. As such, it is also a post-judgment motion for purposes of Rule 30. Consequently, we conclude that a restricted appeal is unavailable to the Wolfs and we dismiss the appeal for want of jurisdiction.

April 24, 2008

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.), sitting by assignment