In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00064-CV

                                                ______________________________

 

                                                                  

 

IN THE MATTER OF THE
MARRIAGE OF ERIN BUTLER AND 

WESLEY BUTLER AND IN THE INTEREST
OF M.K.B. AND

M.R.B., CHILDREN

 

 

 

                                                                                                 


 

 

                                            On Appeal from the County Court at Law 

                                                             Panola County, Texas

                                                          Trial Court
No. 2009-358

 

                                                                                                   

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Wesley
Butler has filed a purported restricted appeal from an order of divorce.  The decree was signed January 14, 2010, and
Butler personally timely filed a motion for new trial February 8, 2010. 

            Butler
filed his notice of appeal July 8, 2010. 


 

            Rule
30 of the Texas Rules of Appellate Procedure sets out the requirements that
must be met in order to bring a restricted appeal.  

     A party who
did not participate—either in person or through counsel—in the hearing that
resulted in the judgment complained of and who did not timely file a
postjudgment motion or request for findings of fact and conclusions of law, or
a notice of appeal within the time permitted by Rule 26.1(a), may file a notice
of appeal within the time permitted by Rule 26.1(c).  Restricted appeals replace writ of error
appeals to the court of appeals. 
Statutes pertaining to writ of error appeals to the court of appeals
apply equally to restricted appeals.

 

Tex. R. App. P. 30.  From the clerk’s record, it is apparent that
Butler did timely file a postjudgment motion in this case.  On August 11, 2010, we sent a defect letter
to Butler, warning him that his appeal would be dismissed for want of
jurisdiction unless, within ten days, he could show this Court how he would be
entitled to bring a restricted appeal. 
Butler requested additional time to respond, which we provided to
September 9, 2010.  As of this date, we
have received no further communications from Butler.  

            When a party
timely files a postjudgment motion, a restricted appeal is not available.  In re
Estate of Head, 165 S.W.3d 897, 902–03 (Tex. App.—Texarkana 2005, no pet.);
S.P. Dorman Exploration Co. v. Mitchell
Energy Co., 71 S.W.3d 469, 470 (Tex. App.—Waco 2002, no pet.).   The record shows that the requirements for
bringing a restricted appeal have not been met, and we have no authority to
consider such an attempted appeal.  See Wolf v. Andreas, 276 S.W.3d 23, 27
(Tex. App.—El Paso 2008, no pet.).

            We dismiss
the appeal for want of jurisdiction.

 

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          October
4, 2010

Date Decided:             October
5, 2010