

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00064-CV

_____


IN THE MATTER OF THE MARRIAGE OF ERIN BUTLER AND
WESLEY BUTLER AND IN THE INTEREST OF M.K.B. AND
M.R.B., CHILDREN



On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2009-358



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Wesley Butler has filed a purported restricted appeal from an order of divorce. The decree was signed January 14, 2010, and Butler personally timely filed a motion for new trial February 8, 2010.

Butler filed his notice of appeal July 8, 2010.

Rule 30 of the Texas Rules of Appellate Procedure sets out the requirements that must be met in order to bring a restricted appeal.

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

TEX. R. APP. P. 30. From the clerk's record, it is apparent that Butler did timely file a postjudgment motion in this case. On August 11, 2010, we sent a defect letter to Butler, warning him that his appeal would be dismissed for want of jurisdiction unless, within ten days, he could show this Court how he would be entitled to bring a restricted appeal. Butler requested additional time to respond, which we provided to September 9, 2010. As of this date, we have received no further communications from Butler.

When a party timely files a postjudgment motion, a restricted appeal is not available. *In re Estate of Head*, 165 S.W.3d 897, 902–03 (Tex. App.—Texarkana 2005, no pet.); *S.P. Dorman*

*Exploration Co. v. Mitchell Energy Co.*, 71 S.W.3d 469, 470 (Tex. App.—Waco 2002, no pet.).

The record shows that the requirements for bringing a restricted appeal have not been met, and we

have no authority to consider such an attempted appeal.   *See Wolf v. Andreas*, 276 S.W.3d 23, 27

(Tex. App.—El Paso 2008, no pet.).

We dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:      October 4, 2010
Date Decided:        October 5, 2010