**Affirmed and Opinion Filed November 21, 2017**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00667-CV

### JOSEPH ABUZAID, Appellant
### V.
### ANANI, LLC, BIG D CONCRETE, INC., MUAMAR ANANI AND HANADI ANANI,
### Appellees

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-06938**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Stoddart
Opinion by Justice Bridges

This appeal involves appellant Joseph Abuzaid's alleged fraudulent filing of UCC Financing Statements. Appellees Anani, LLC and Big D Concrete, Inc. challenged the financing statements as fraudulent liens and sought partial summary judgment. Appellees Muamar and Hanadi Anani subsequently intervened and filed a separate summary judgment motion challenging the fraudulent liens Abuzaid had filed against them. The trial court granted appellees' motions and signed a final judgment awarding appellees actual and exemplary damages and terminating the liens. Abuzaid later filed a motion for new trial in which he argued he did not receive notice of the final summary judgment hearing. The trial court denied the motion.

On appeal, Abuzaid argues the trial court abused its discretion by denying his motion for new trial because he satisfied the *Craddock* requirements. He further claims the trial court erred by granting summary judgment because he presented evidence negating at least one element of appellees' claims, and no evidence supports the exemplary damages awards. We vacate the trial court's award of exemplary damages as to Big D and Anani, LLC, and in all other respects, affirm the trial court's judgment.

**Background**

On April 6, 2015, Abuzaid filed a UCC Financing Statement asserting a perfected security interest or lien against Big D in the amount of $10,000,000 on "all assets owned by Big D Concrete LLC [sic] without any exceptions." On the same day, Abuzaid filed an identical financing statement against Anani, LLC. He also filed a UCC financing statement asserting a perfected security lien against Muamar and Hanadi Anani.

On June 18, 2015, Big D and Anani, LLC filed suit against Abuzaid alleging he fraudulently filed both UCC Financing Statements in violation of civil practice and remedies code section 12.002(a)(1) and business and commerce code section 9.5185. *See* Tex. Civ. Prac. & Rem. Code Ann. § 12.002 (West 2017) & Tex. Bus. & Comm. Code Ann. § 9.5185 (West 2011). Big D and Anani, LLC sought attorney's fees and exemplary damages pursuant to section 12.002(b)(4) of the civil practice and remedies code. Abuzaid filed a pro se original answer and general denial.

Anani, LLC and Big D filed a motion for partial traditional summary judgment on September 8, 2015 in which they argued Abuzaid's lien filings were premised upon "nothing more than mere allegations asserted by Defendant against Plaintiffs in a separate lawsuit which is still pending in Dallas County and has not been reduced to judgment." Thus, there was no security interest upon which the UCC filing could be predicated. Anani, LLC and Big D further

–2–

argued they never executed a security agreement authorizing a security interest in specified collateral as required by statute. They alleged, without an executed security agreement, any financing statement filed with the Secretary of State was based on a groundless and ineffective lien.

Abuzaid filed an emergency motion for continuance of the partial summary judgment hearing until he could hire counsel, which the trial court denied. The trial court subsequently granted Big D and Anani, LLC's motion for partial traditional summary judgment on November 19, 2015.

After the trial court granted the motion for partial traditional summary judgment, Muamar and Hanadi Anani filed their original petition in intervention alleging the UCC filing against them was similarly fraudulent. They also sought attorney's fees and exemplary damages pursuant to section 12.002(b)(4) of the civil practice and remedies code. The Ananis then filed a motion for traditional summary judgment challenging the validity of the financing statement because, like Big D and Anani, LLC, they never executed a security agreement. The trial court granted their traditional motion for summary judgment.

On February 16, 2016, the trial court held a hearing on Big D and Anani, LLC's motion for final summary judgment. On February 29, 2016, the trial court signed a final order in which it reiterated the UCC Financing Statements were "immediately ordered **TERMINATED** and **EXPUNGED** from record" and awarded \$15,000 in statutory damages and \$50,000 in exemplary damages to all four parties. It also awarded reasonable attorney's fees.

Abuzaid filed a motion for new trial challenging only exemplary damages on March 11, 2016.[1] He claimed he had "every intention of defending the claims raised at the summary

---

[1] On March 10, 2016, an attorney filed a notice of appearance on behalf of Abuzaid with the trial court. Since the filing of this appeal, the attorney has withdrawn as counsel and Abuzaid is again proceeding pro se.

judgment hearing on February 16, 2016," but computer issues prevented him from seeing the hearing notice. His failure to appear was due to "his mistake and inadvertence." He blamed an incompatible update on his email server for the disruption in his email service, which delayed delivery of some email and sent others to his junk mail folder. However, he admitted he learned about the February 16, 2016 hearing when he received an email from the court on February 17, 2016, with the proposed order granting the final motion for summary judgment. Thus, it is undisputed Abuzaid learned about the hearing prior to the trial court signing the final judgment on February 29, 2016.

The trial court denied Abuzaid's motion for new trial after a hearing. This appeal followed.

### Motion for New Trial and the Application of *Craddock/Carpenter*

In his first issue, Abuzaid argues the trial court abused its discretion by denying his motion for new trial because he satisfied the *Craddock* elements. Appellees respond *Craddock* does not apply to these facts, or alternatively, Abuzaid failed to satisfy all three elements entitling him to a new trial.

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *K–Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).

Under *Craddock*, a movant for new trial must (1) establish that the failure to answer was not intentional or due to conscious indifference, but rather, was due to mistake or an accident, (2) set up a meritorious defense, and (3) demonstrate that the granting of a new trial will not cause

–4–

delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

In *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002), the Texas Supreme Court held that, in a summary judgment default situation where the defaulting party failed to file a timely response but had time prior to entry of the summary judgment to obtain leave to file an untimely response or to obtain a continuance, *Craddock* did not apply. In such situations, the court considers whether a party who files a motion for leave to file a late summary judgment response establishes "good cause" by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing a late response will not cause any undue delay or otherwise injure the other party. *Id.* at 688. However, the court in *Carpenter* did not "decide today whether *Craddock* factors must be met when a nonmovant is aware of its mistake at or before the summary-judgment hearing and thus has an opportunity to apply for relief under our rules." *Id.*

Regardless of whether *Craddock* or *Carpenter* applies to this case, the first element of the two tests is the same: the summary judgment nonmovant must show that his failure to appear or answer was not intentional or the result of conscious indifference, but the result of accident or mistake. *Craddock*, 133 S.W.2d at 126; *Carpenter*, 98 S.W.3d at 688. Thus, we will review the record to determine whether Abuzaid showed that his failure to appear at the hearing was not intentional or the result of conscious indifference, but the result of accident or mistake. *See, e.g., Kern v. Spencer,* No. 2-06-199-CV, 2008 WL 2854657, at \*5 (Tex. App.—Fort Worth July 24, 2008, no pet.) (mem. op.).

Abuzaid presented the following facts in support of his motion for new trial. In mid-January, Abuzaid updated his internet browser software; however, the update was "apparently" not compatible with AOL, his email service provider. The incompatible update caused a

disruption in his email in which some emails were not immediately delivered and others went to his junk mail folder. Abuzaid claimed he was unaware of the disruption to his email. He did not see the notice of hearing served by electronic service on January 14, 2016, because it "apparently" was directed to his junk email folder. Abuzaid did not see other email correspondence sent by appellees' counsel related to the February 16th hearing "due to what at most can be characterized as mistake or inadvertence, which arose out of the problems with the update of [his] internet browser software." He learned of the hearing on February 17th after he "reviewed" an email from the trial court's e-filing system that transmitted the proposed final summary judgment order.

In response to Abuzaid's motion for new trial, appellees provided the following evidence challenging Abuzaid's claim of accident or mistake. Abuzaid subjected himself to the applicable rules governing electronic filing and service of documents. Appellees referenced the trial court to the numerous documents Abuzaid e-filed using the same email address he claimed suddenly and without explanation stopped working because of an internet browser software update in mid-January.[2] They further presented undisputed evidence that Abuzaid received every e-filed document in the case, although he did not open all of them. Moreover, appellees' attorney testified he never received an "error" or "undeliverable" response to any email correspondence sent to Abuzaid.

Electronic records showed appellees' motions for summary judgment were e-filed January 13, 2016, but not opened by Abuzaid. Appellees' counsel sent an email the same day to Abuzaid's personal email account, which was the same account on file with the court, attaching a courtesy copy of the two motions "filed today with the Court" and stated, "We will notify you

---

[2] Abuzaid's affidavit in support of his motion for new trial did not include documentation or any other technical information from his internet or email provider supporting or explaining his browser issues.

via separate correspondence with the hearing date on these motions." Abuzaid did not deny receiving this email. Electronic records confirmed appellees e-filed the notice of hearing on January 14, 2016, which was not opened by Abuzaid. On the same day, appellees' counsel again followed up with a personal email to Abuzaid, attaching the notice of hearing and informing him of the hearing date for February 16, 2016, at 8:30 a.m. On February 19, 2016, three days after the hearing, Abuzaid sent an email to appellees' counsel stating he was not aware of the hearing, but learned about it when he received the proposed order from the court on February 17, 2016. He did not explain why or how his computer server suddenly delivered this email correctly.

Texas Rule of Civil Procedure 21a allows for electronic service of documents "if the email address of the party or attorney to be served is on file with the electronic filing manager." TEX. R. CIV. P. 21a(1). It is undisputed Abuzaid's email was on file to receive electronic service of documents, and he repeatedly availed himself of the process. Rule 21a(b)(3) states that electronic service is "complete on transmission of the document to the serving party's electronic filing service provider." *Id*. 21a(b)(3). The rule does not contemplate that electronic service is somehow incomplete when a party experiences computer or email issues. Rather, notice properly sent pursuant to rule 21a raises a presumption that notice was received. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). We recognize that 21a(e) provides "[n]othing herein shall preclude any party from offering proof that the document was not received, . . . ," but Abuzaid has not argued or presented evidence he did not "receive" the document. In fact, he admitted he received notice of the hearing, but did not *see* it because it was in his junk mail folder.

Appellees argue under these facts, Abuzaid had constructive notice of the hearing and his computer-related excuses do not establish that his failure to appear at the hearing was not intentional or the result of conscious indifference, but the result of accident or mistake. We

–7–

agree. "[A] determination of constructive notice should be made on a case-by-case basis rather than by statement of a general rule." *Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex. App.—Beaumont 1993, writ denied). Under rule 21a, constructive notice may be established if the serving party presented evidence that the intended recipient engaged in instances of selective acceptance or refusal of service of documents. *Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 382 (Tex. App.—Fort Worth 2005, pet. denied). Here, Abuzaid has not denied receiving the January 13, 2016 email attaching the motions for summary judgments and stating, "We will notify you via separate correspondence with the hearing date on these motions." Further, the record establishes Abuzaid sent and received numerous electronic filings and notices without incident at the email address on file with the trial court up until the day before appellees' electronically filed their summary judgment motions and notice of hearing.

In short, under rule 21a(b)(3) Abuzaid received service of every electronic filing from appellees at his email address. His alleged computer issues were resolved the day after the hearing, as evidenced by his acknowledgement of receiving the proposed order for final judgment on February 17, 2016. Given the conflicting evidence, it was within the trial court's discretion not to believe Abuzaid's unsupported, self-serving statements about computer issues causing him not to "see" the delivered documents and determine he engaged in selective acceptance of documents. *See, e.g., Bernstein v. Adams*, No. 01-12-00703-CV, 2013 WL 4680396, at *3 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.) (trial court did not abuse its discretion when presented with conflicting evidence about whether party received notice of hearing). Under these facts, Abuzaid's actions established constructive notice of the hearing, thereby negating his arguments that he failed to appear because of an accident or mistake. Because Abuzaid failed to establish the first element under either *Craddock* or

*Carpenter*, the trial court did not abuse its discretion by denying his motion for new trial. Abuzaid's first issue is overruled.

## Merits of the Summary Judgment

In his third issue, Abuzaid argues the trial court erred by granting Big D and Anani, LLC's motions for summary judgment because he presented evidence in his response creating a genuine issue of material fact as to whether he filed the financing statements with "knowledge that the document or other record is a . . . fraudulent lien or claim against real or personal property." TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a)(1). Big D and Anani, LLC argue Abuzaid's "Response to MSJ–Request for Continuance" cannot be construed as a summary judgment response because he did not challenge any element of their section 12.002(a)(1) cause of action or present any evidence raising a fact issue. They allege that despite the title of the motion, the substance of the motion indicated Abuzaid requested nothing more than a continuance.

After Big D and Anani, LLC filed their motion for traditional partial summary judgment, Abuzaid filed "Defendant's Response to MSJ-Request for Continuance." However, we are not concerned with the title of the pleading, but look to the substance of the motion to determine the relief sought. *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("We should not be so constrained by the form or caption of a pleading."); *Wolf v. Andreas*, 276 S.W.3d 23, 26 (Tex. App.—El Paso 2008, pet. withdrawn). Abuzaid filed "this Motion to Continue the Summary Judgment Motion Hearing on October 13, 2015 and other deadlines in this case." He then provided arguments supporting a continuance—not arguments challenging any element or claim presented by appellees. In his "Relief Requested," Abuzaid asked the trial court to reset the October 13, 2015 hearing to a time in December or "when convenient for this

Court where the above issues can be substantively addressed prior to the continuation of this case." He did not ask the court to deny the partial summary judgment motion.

Abuzaid appears to rely on his affidavit attached to the motion as evidence to raise a genuine issue of material fact as to whether he knowingly filed a fraudulent financing statement in violation of Texas Civil Practice and Remedies Code section 12.002. However, within his affidavit, he admitted he would need further information to "answer the MSJ."[3] Accordingly, we conclude Abuzaid's "Response to MSJ-Request for Continuance" is not a response that raised any genuine issue of material fact as to Big D and Anani, LLC's grounds for summary judgment. *See, e.g.*, *Surgitek, Bristol-Myers Corp.*, 997 S.W.2d at 601; *see Greenstein v. Baggett*, No. 05-09-00640-CV, 2010 WL 4119023, at *1 n.2 (Tex. App.—Dallas Oct. 21, 2010, no pet.) (mem. op.) (treating "motion to strike" as motion to dismiss because party asked for sanctions and dismissal); *Johnson v. State Farm Lloyds*, 204 S.W.3d 897, 898 n.1 (Tex. App.—Dallas 2006) (treating "motion to compel" as motion for summary judgment when party stated "seeking summary judgment"), *aff'd*, 290 S.W.3d 886 (Tex. 2009).[4]

In reaching this conclusion, we acknowledge the order granting partial summary judgment states the trial court considered "the Response on file by Defendant"; however, there was no response to consider. *See Associated Air Ctr. LP v. Tary Network Ltd.*, No. 05-13-00685-CV, 2015 WL 970664, at *7 (Tex. App.—Dallas Mar. 4, 2015, no pet.) (mem. op.) (refusing to consider for the first time on appeal merits of summary judgment despite order stating court considered "any responses" because there was no response to consider). Abuzaid's third issue is overruled.

---

[3] "I will need to get Mr. McGarry's affidavit or conduct his deposition if for some reason he decided not to represent me in the case to be able to answer the MSJ since he is the most knowledgeable person about the legal theory of filing the UCC claim."

[4] To the extent Abuzaid now tries to raise a fact issue on appeal, his arguments are waived. *See Baxter v. Gardere Wynne Sewell LLP*, 182 S.W.3d 460, 465 (Tex. App.—Dallas 2006, pet. denied) ("Issues a nonmovant contends avoid summary judgment that are not expressly presented to the trial court by written answer or other written response to the summary judgment motion are waived on appeal.").

**Exemplary Damages**

In his second issue, Abuzaid argues the trial court abused its discretion by denying his motion for new trial because appellees presented no evidence supporting an award of exemplary damages. Specifically, he contends appellees (1) did not produce evidence they suffered any damages as a result of his fraudulent filing because the trial court did not make a causation finding in the underlying summary judgments, and (2) they did not produce evidence supporting the factors in section 41.011 of the civil practice and remedies code.

We begin with Abuzaid's causation argument. The orders granting Big D and Anani, LLC's partial summary judgment and the Ananis' motion for summary judgment included "findings" in conjunction with the trial court's ruling. To the extent the parties refer to these "findings" and Abuzaid challenges the lack of a causation finding, findings of fact have no place in a summary judgment proceeding. *See Fuhrmann v. C&J Gray Invs. Partners, Ltd.*, No. 05-15-01387-CV, 2016 WL 7217252, at *12 (Tex. App.—Dallas Dec. 13, 2017, pet. denied) (mem. op.). The reason findings and conclusions "have no place" in a summary judgment proceeding is that if summary judgment is proper, there are no facts to find, and the legal grounds are limited to those in the motion and response. TEX. R. CIV. P. 166a(c); *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Tarrant Restoration v. TX Arlington Oaks Apartments, Ltd.*, 225 S.W.3d 721, 729 n.3 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.). Thus, by granting the motions, the trial court determined appellees proved, as a matter of law, Abuzaid's violation of section 12.002, which necessarily included a determination of causation. Accordingly, Abuzaid's causation argument is without merit.

We now consider whether the trial court properly awarded Big D and Anani, LLC exemplary damages pursuant to section 41.011. Appellees sought exemplary damages pursuant to Texas Civil Practice and Remedies Code section 12.002. *See* TEX. CIV. PRAC. & REM. CODE

–11–

ANN. § 12.002(a)(1),(3), (b) (authorizing an award of actual damages, court costs, attorney's fees, and "exemplary damages in an amount determined by the court.").

The civil practice and remedies code provides:

> If the claimant relies on a statute establishing a cause of action and authorizing exemplary damages in specified circumstances or in conjunction with a specified culpable mental state, exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the damages result from the specified circumstances or culpable mental state.

TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(c) (West 2015). Big D's and Anani, LLC's motion for partial summary judgment established as a matter of law Abuzaid's violation of section 12.002(a), thereby allowing the trial court to award exemplary damages under section 41.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 12.002(b)(4), 41.003. In determining the amount of exemplary damages, "the trier of fact shall consider evidence, if any," relating to: (1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the parties concerned; (5) the extent to which such conduct offends a public sense of justice and propriety; and (6) the net worth of the defendant. *Id*. § 41.011.

Big D and Anani, LLC cited section 41.011 in their motion for final summary judgment and summarily stated, "the facts of this matter" justify exemplary damages. Then, without citation to any evidence, stated the following:

> 15. Defendant's conduct in filing multiple fraudulent blanket liens against "all property" of the Plaintiffs and Intervenors without having any security agreement or having one single recognized basis under Texas law for the filings, coupled with the fact that Defendant purposefully filed the fraudulent liens against the same parties who he had sued in separate litigation which was lingering for nearly three (3) years and was set for trial at that time, coupled with Defendant's undeniable vitriolic attitude towards Plaintiffs and Intervenors, as evidenced by the allegations in the separate lawsuit, more than satisfied the above noted factors and further

–12–

supports the appropriateness of the above-referenced request for exemplary damages.[5]

The unsupported statements in their final motion for summary judgment do not support the trial court's award of exemplary damages. Unsupported argument is not evidence. *Grant Prideco, Inc. v. Empeiria Conner L.L.C.*, 463 S.W.3d 157, 163 n.10 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Moreover, "a party must expressly and specifically identify the supporting evidence on file that it seeks the trial court to consider in a summary judgment motion." *Speck v. First Evangelical Lutheran Church of Houston*, 235 S.W.3d 811, 816 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Big D and Anani, LLC's motion failed to cite to any evidence supporting their statements. This Court is not required to wade through the record in determining whether a summary judgment movant successfully carried its burden. *Arredondo v. Rodriguez*, 198 S.W.3d 236, 237 (Tex. App.—San Antonio 2006, no pet.).

We recognize Big D and Anani, LLC cite to their motion for partial summary judgment, the trial court's order granting their motion for partial summary judgment, and portions of Abuzaid's rule 194 disclosures in their appellate brief to now support the award of exemplary damages. However, as stated, they did not specifically identify this supporting evidence in their final summary judgment motion. They did not request the trial court take judicial notice of the file or explicitly incorporate the prior summary judgment evidence into their final motion for summary judgment. *See, e.g., Galindo v. Snoddy*, 415 S.W.3d 905, 915 (Tex. App.—Texarkana 2013, no pet.) (if motion explicitly incorporates evidence attached to another summary judgment in the same file, trial court should consider referenced evidence). In fact, they never referenced Abuzaid's rule 194 disclosures in any of their summary judgment motions; therefore, it was not

---

[5] They further noted Abuzaid's net worth was not an issue and need not be considered in determining exemplary damages. We agree with Big D and Anani, LLC that evidence of every factor is not necessary in determining an exemplary damages award. *See, e.g., Durban v. Guajardo*, 9 S.W.3d 198, 210–11 (Tex. App.—Dallas 2002, no pet.) (noting evidence of net worth not required to uphold exemplary damages award). However, to the extent they argue justification of an award without any evidence, they have failed to cite to any authority upholding such an award without evidence supporting some of the 41.011 factors.

evidence for the trial court's consideration. *See, e.g., Rangel v. Lapin*, 177 S.W.3d 17, 21 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (noting depositions and pleadings are proper summary judgment evidence when referenced or incorporated into motion for summary judgment); *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 289 (Tex. App.—Houston [1st Dist.] 1985, no writ) (noting interrogatories and admissions are proper summary judgment evidence when referenced or incorporated).

In addition, to the extent Big D and Anani, LLC imply the trial court had such evidence before it based on their prior motion for partial summary judgment, they did not ask the trial court to consider or decide issues related to exemplary damages in their motion for partial summary judgment—a fact recognized by Big D and Anani, LLC in their motion for final summary judgment.[6] And again, they did not reference or incorporate the prior motion.

The only evidence attached to and relied on by Big D and Anani, LLC in support of their motion for final summary judgment was the Attorney Fee Affidavit of George A. (Tony) Mallers addressing the reasonableness and necessity of attorney's fees, not exemplary damages. Accordingly, Big D and Anani, LLC failed to present any evidence supporting the $50,000 in exemplary damages awarded to each party by the trial court. To the extent they argue section 41.010 presents an independent ground to uphold damages, they did not raise this argument to the trial court. TEX. R. APP. P. 33.1. Having presented no evidence supporting section 41.011(a)(1)–(6), we sustain Abuzaid's issue as to Big D and Anani, LLC and vacate their exemplary damages award. *See Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 767 (Tex. App.—

---

[6] In their original motion for partial summary judgment, Big D and Anani, LLC admittedly "d[id] not seek an adjudication on their respective requests for monetary damages and . . . specifically reserve the right to seek a further adjudication from this Court on their claims for monetary relief." Rather, they sought only an order directing the Secretary of State remove, expunge, and release the UCC Financing Statement and awarding reasonable and necessary attorney's fees. The trial court granted the motion and ordered the financing statement expunged and awarded attorney's fees.

Big D and Anani, LLC subsequently filed their motion for final summary judgment. In the motion, they admitted the prior order "did not include a specific amount of attorney's fees, nor did the prior motion or order address the issues of statutory damages to which Plaintiffs are entitled." Further, the "only remaining issues . . . are adjudication of the amount of attorney's fees awarded, the amount of monetary damages to be awarded to Plaintiffs in the form of statutory damages . . . . The present Motion addresses these remaining issues."

Dallas 2008, no pet.) (court may vacate or suggest remittitur when evidence does not support exemplary damages).

We now consider Abuzaid's challenge to the $50,000 in exemplary damages awarded to Mr. and Mrs. Anani, individually. To support their motion for summary judgment and award of damages, the Ananis attached Exhibit A (UCC Financing Statement), Exhibit B (Mr. Anani's affidavit), Exhibit C (Mrs. Anani's affidavit) and Exhibit D (Mallers' Attorney Fee Affidavit).

The Ananis' affidavits explained that at no time did they grant a lien interest in their property, execute a security agreement or lien interest in their property, or authorize Abuzaid to file a lien with the Secretary of State. Regardless, Abuzaid filed a lien against all their property absent a written security instrument. Abuzaid's actions in filing a lien absent a written security instrument indicated he knew his actions were frivolous, which supports the second and third factor of section 41.011. *See Ellis Cty. State Bank v. Keever*, 936 S.W.2d 683, 686 (Tex. App.—Dallas 1996, no writ) ("character of conduct" refers to defendant's state of mind); *Dillard Dep't Stores, Inc. v. Silva*, 106 S.W.3d 789, 801 (Tex. App.—Texarkana 2003) ("degree of culpability" refers to the defendant's scienter), *rev'd in part on other grounds*, 148 S.W.3d 370 (Tex. 2004).

They further explained the lien filing caused financial injury to them because the purported lien against all of their property prevented or jeopardized their ability to obtain business financing, among other things. They both suffered mental anguish and emotional distress over the groundless filing. Such evidence supports the first factor of section 41.011, which refers to the nature of the injury or harm caused by Abuzaid's conduct. *See Ellis Cty. State Bank*, 936 S.W.2d at 686.

Finally, the trial court could have concluded Abuzaid's conduct, in which he knowingly filed fraudulent liens against property in violation of a statute, offends the public sense of justice and propriety. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.011(a)(5). Thus, the Ananis

–15–

presented evidence supporting the trial court's exemplary damages award as to them. Accordingly, we overrule Abuzaid's third issue as to the Ananis.

## Conclusion

We vacate the trial court's award of $50,000 in exemplary damages to both Big D and Anani, LLC. In all other respects, the judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

160667F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH ABUZAID, Appellant

No. 05-16-00667-CV          V.

ANANI, LLC, BIG D CONCRETE, INC.,
MUAMAR ANANI AND HANADI
ANANI, Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-06938.
Opinion delivered by Justice Bridges.
Justices Fillmore and Stoddart participating.

In accordance with this Court's opinion of this date, we **VACATE** the exemplary damages award to appellees Anani, LLC and Big D Concrete, Inc. as follows:

3.      Judgment in favor of Plaintiff ANANI, LLC against Defendant JOSEPH ABUZAID for exemplary damages of $50,000;

4.      Judgment in favor of Plaintiff BIG D CONCRETE, INC. against Defendant JOSEPH ABUZAID for exemplary damages of $50,000.

In all other respects, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** each party bear their own cost of appeal.

Judgment entered November 21, 2017.