## S.P. DORMAN EXPLORATION COMPANY, L.P.,
### Appellant,

### v.

## MITCHELL ENERGY COMPANY, L.P., Appellee.

### No. 10–02–007–CV.

Court of Appeals of Texas,
Waco.

Feb. 13, 2002.

D. Patrick Long, Patton Boggs L.L.P., Dallas, for appellant.

Patrick H. Simmons, Cannon & Simmons, Groesbeck, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

The trial court granted Mitchell Energy Company's application for appointment of a receiver by judgment signed on April 25, 2001. S.P. Dorman Exploration Company filed a motion for new trial on August 9 under the provisions of Rule of Civil Procedure 329. *See* Tex.R. Civ. P. 329. The trial court heard the motion for new trial on August 29 and denied it in an order signed on October 15. Dorman filed a

notice of appeal on November 27. Mitchell has filed a motion to dismiss the appeal for want of jurisdiction, arguing that Dorman's notice of appeal is untimely.

■ Rule of Civil Procedure 329 permits a defendant who was served by publication and has not previously appeared to file a motion for new trial within two years after judgment. *Id.* If this motion is filed more than thirty days after judgment, then the appellate timetables run from the date of the filing of the motion. *Id.* 306a(7), 329(d); Tex.R.App. P. 4.4.

Dorman filed its Rule 329 motion for new trial on August 9. Accordingly, the deadline for filing its notice of appeal was November 7. *See* Tex.R.App. P. 26.1(a)(1). A motion for an extension of time to file the notice of appeal would be timely if filed by November 26.[1] Dorman did not file such a motion.

■ This cannot be a restricted appeal under Rule of Appellate Procedure 30. *Id.* 30. Rule 26.1(c) permits a party to perfect a restricted appeal by filing a notice of appeal within six months after judgment. *Id.* 26.1(c). However, Rule 30 limits the restricted appeal to parties who did not participate at trial "*and* who did not timely file a postjudgment motion."[2] *Id.* 30 (emphasis added); *Laboratory Corp. of Am. v. Mid–Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528 (Tex.App.-Dallas 2000, no pet.). Dorman timely filed a motion for new trial under Rule of Civil Procedure 329. Accordingly, it cannot pursue a restricted appeal. Thus, we grant Mitchell's motion

and dismiss this appeal for want of jurisdiction.

---

1. The fifteen days allowed for an extension by Rule 26.3 would have ended on November 22. November 22 and 23 were the Thanksgiving holidays. Accordingly, the extension request would have been due by Monday, November 26. *See* Tex.R.App. P. 4.1(a).

2. The limitation of a restricted appeal to a party who did not timely file a postjudgment motion represents a critical distinction from the former writ of error practice. *Compare* Tex.R.App. P. 30 *with* Tex.R.App. P. 45(b), 707–708 S.W.2d (Tex.Cases) lviii (Tex.1986, amended 1997); *see also* John Hill Cayce, Jr. et al., Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure, 49 Baylor L.Rev. 867, 918 (1997).