Form: Dismiss TRAP 42.3



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





ALFRED NAIFEH,


 Appellant,


v.


CARMEN REYES-NAIFEH,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-07-00252-CV



Appeal from


65th District Court


of El Paso County, Texas


(TC # 2003CM4184)





MEMORANDUM OPINION




 Pending before the Court is Appellee's motion to dismiss this restricted appeal. We grant
the motion and dismiss the appeal.

 On March 2, 2007, the trial court entered a default decree of divorce. Appellant filed a
motion for new trial which included a request for relief pursuant to Tex.R.Civ.P. 306a(4) alleging
that he did not receive notice of the default judgment until May 6, 2007. The trial court granted the
motion which effectively re-set the appellate timetable. The trial court also granted the motion for
new trial and set aside the default decree of divorce. Nevertheless, Appellant filed a notice of
restricted appeal.

 A restricted appeal is a direct attack on a judgment. Hercules Concrete Pumping Serv., Inc.
v. Bencon Mgmt. & Gen. Contracting Corp ., 62 S.W.3d 308, 309 (Tex.App.--Houston [1st Dist.]
2001, pet. denied). Rule 30 of the Texas Rules of Appellate Procedure provides:

 A party who did not participate--either in person or through counsel--in the hearing
that resulted in the judgment complained of and who did not timely file a
postjudgment motion or request for findings of fact and conclusions of law, or a
notice of appeal within the time permitted by Rule 26.1(a), may file a notice of
appeal within the time permitted by Rule 26.1(c).


Tex.R.App.P. 30. Five elements are necessary to directly attack a judgment by restricted appeal: 
(1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a
party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained
of; (4) who did not timely file a postjudgment motion or request for findings of fact and conclusions
of law or a notice of appeal; and (5) the error complained of that shows the invalidity of the
judgment must be apparent on the face of the record. See Tex.Civ.Prac.&Rem.Code Ann. §
51.013 (Vernon 1997); Tex.R.App.P. 30; Norman Communications v. Texas Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997). If a party timely files a post-judgment motion, a restricted appeal is
not available. See In the Estate of Head, 165 S.W.3d 897, 902-03 (Tex.App.--Texarkana 2005, no
pet.)(motion to reconsider summary judgment); S.P. Dorman Exploration Co., L.P. v. Mitchell
Energy Company, L.P., 71 S.W.3d 469, 470 (Tex.App.--Waco 2002, no pet.)(motion for new trial).

 Because the trial court granted Appellant's Rule 306a(4) motion, Appellant's motion for new
trial was timely filed. Consequently, a restricted appeal is not available to Appellant. Furthermore,
the trial court granted Appellant's motion for new trial and set aside the default judgment. 
Consequently, there is no final judgment from which to appeal. We therefore grant Appellee's
motion and dismiss this appeal for want of jurisdiction. Appellant's emergency motion for
temporary restraining order and permanent injunction is denied as moot. Appellant's motion for an
extension of time to file brief is denied as moot.



June 5, 2008 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.