

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00330-CV

AERO AT SP. Z.O.O.                                             APPELLANT

V.

DENNIS GARTMAN AND JERRY K.                        APPELLEES
BAKER

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CV13-01-081

----------

## OPINION

----------

### I. INTRODUCTION

This is an attempted restricted appeal. The sole issue we address is whether the special appearance filed by Appellant Aero at Sp. z.o.o. within thirty days after the trial court signed a default judgment against Appellant and in favor of Appellees Dennis Gartman and Jerry K. Baker constitutes a timely-filed postjudgment motion that precludes Appellant's pursuit of a restricted appeal

under Texas Rule of Appellate Procedure 30. *See* Tex. R. App. P. 30. Because we hold that the special appearance filed here is such a postjudgment motion, we will dismiss this restricted appeal for want of jurisdiction.

## II. THE LAW

### A. Concerning Restricted Appeals

A restricted appeal is a direct attack on the trial court's judgment. *See, e.g.*, *Gen. Elec. Co. v. Falcon Ridge Apts., J.V.*, 811 S.W.2d 942, 943 (Tex. 1991); *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.— Dallas 2010, no pet.). Rule 30 of the Texas Rules of Appellate Procedure provides:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

Tex. R. App. P. 30. Thus, to directly attack a judgment by restricted appeal, (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal; and (5) the complained-of error that shows the invalidity of the judgment is apparent on the face of the record. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (West 2015); Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's*

2

*Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Norman Commc's v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). These requirements are jurisdictional and will preclude a party's right to seek relief by way of a restricted appeal if they are not met. *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied). Because the requirements are jurisdictional, if a party timely files a postjudgment motion, a restricted appeal is not available. *See* Tex. R. App. P. 30; *Wolf v. Andreas*, 276 S.W.3d 23, 25 (Tex. App.—El Paso 2008, pet. withdrawn); *see also In re Estate of Head*, 165 S.W.3d 897, 902–03 (Tex. App.— Texarkana 2005, no pet.) (timely filing postjudgment motion to reconsider summary judgment precluded restricted appeal); *S.P. Dorman Exploration Co. v. Mitchell Energy Co.*, 71 S.W.3d 469, 470 (Tex. App.—Waco 2002, no pet.) (timely filing motion for new trial precluded restricted appeal); *Lab. Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528 (Tex. App.—Dallas 2000, no pet.) (timely filing motion to set aside default judgment precluded restricted appeal); *Thomas v. Tex. Dep't of Criminal Justice*, 3 S.W.3d 665, 666–67 (Tex. App.—Fort Worth 1999, no pet.) (timely filing motion to reinstate precluded restricted appeal); *Moncrief v. Harvey*, 805 S.W.2d 20, 23–24 (Tex. App.—Dallas 1991, no writ) (timely filing motion to contest recognition of foreign judgment under Uniform Enforcement of Foreign Judgments Act precluded restricted appeal).

## B. Concerning Postjudgment Motions

A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment. Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip. Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). The period of plenary power may be extended, however, by timely filing an appropriate postjudgment motion. *Lane Bank*, 10 S.W.3d at 310. Thus, the filing of a motion for new trial; a motion to modify, correct, or reform the judgment; or a request for findings of fact and conclusions of law within the initial thirty-day period extends the trial court's jurisdiction over its judgment up to an additional seventy-five days and extends the time period for filing a notice of appeal of a regular, i.e., nonaccelerated, appeal until ninety days after the judgment was signed. *Id.*; *see also* Tex. R. Civ. P. 329b(g); Tex. R. App. P. 26.1(a). Any motion filed within thirty days of the trial court's judgment that assails the judgment extends the appellate timetable for a regular appeal. *See, e.g.*, *Gomez v. Tex. Dep't of Criminal Justice, Institutional Div.*, 896 S.W.2d 176, 176–77 (Tex. 1995). Thus, any timely-filed motion seeking to vacate the trial court's judgment, even a motion asserting meritless grounds for vacating the judgment, constitutes a motion for new trial that will extend the appellate timetable. *See, e.g.*, *PopCap Games, Inc. v. MumboJumbo*, 350 S.W.3d 699, 717 (Tex. App.—Dallas 2011, pet. denied); *see also Taylor v. Trans-Cont'l Props., Ltd.*, 739 S.W.2d 873, 876 (Tex. App.—Tyler 1987, no writ) (construing "Demand for Removal" as postjudgment motion that extended the appellate timetable). And any timely-filed

4

postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under rule 329b(g) and will also extend the appellate timetable. *Lane Bank*, 10 S.W.3d at 313.

### III. PROCEDURAL FACTS

Appellant, a company located in Poland, was served pursuant to the Hague Convention; there are no allegations of improper service. A final default judgment was signed against Appellant and in favor of Appellees on July 1, 2014. On July 30, 2014 Appellant, represented by counsel, filed a special appearance in the trial court. The special appearance prayed that "this Court sustain its special appearance, that this entire proceeding be dismissed for want of jurisdiction over [Appellant,] and that [Appellant] recovers its costs." No hearing was set on Appellant's special appearance.

Appellant mailed its notice of appeal to the Wise County district clerk on October 13, 2014, and mailed a motion to extend the time to file its notice of appeal to this court on October 13, 2014. Thus, Appellant did not file its notice of appeal by July 31, 2014 (which would be thirty days from July 1, 2014) or by September 29, 2014 (which would be ninety days from July 1, 2014). Although Appellant filed its notice of appeal via the mailbox rule within fifteen days of the ninety-day deadline (which would be October 14, 2014), and mailed a motion to

5

extend the time to file the notice of appeal to this court,[1] the motion for extension of time did not state reasonable grounds supporting the need for an extension of time so—prior to the assignment of this case to the undersigned panel—it was denied, and the appeal was ordered to proceed as a restricted appeal.[2]

---

[1]We note that the motion was not e-filed as required by rule 9.2(c)(1) of the rules of appellate procedure. *See* Tex. R. App. P. 9.2(c)(1) (providing that "[a]ttorneys in civil cases must electronically file documents").

[2]Appellant's motion to extend the time to file its notice of appeal alleged only that Appellant's U.S. representative, Wladyslaw Jankowski, was busy traveling worldwide to perform the duties of his job; that Appellant's principal to whom Jankowski reported, Steven Zhang, was also busy traveling worldwide doing his job so that the two had difficulty communicating; and that this travel, as well as the sale of Appellant in May 2013—over one year prior to entry of the default judgment—prevented Jankowski from impressing on Appellant's new owners the need to appeal and from "obtaining timely authorization" to file the appeal. The law is well-settled that the explanations provided in this case—the need for additional time to communicate about the appeal, to assess the need for an appeal, and to decide whether to appeal—do not constitute a reasonable explanation that will support the granting of an extension of time to file a notice of appeal. *See, e.g.*, *Amegy Bank of Tex., N.A. v. Titan Servs., LLC*, No. 02-09-00420-CV, 2010 WL 87095, at *1–2 (Tex. App.—Fort Worth 2010, no pet.) (mem. op.) (holding an appellant's assertion that he needed additional time to evaluate the merits of the appeal and the likelihood of success did not constitute a reasonable explanation); *Zhao v. Lone Star Engine Installation Ctr., Inc.*, No. 05-09-01055-CV, 2009 WL 3177578, at *1–2 (Tex. App.—Dallas 2009, pet. denied) (mem. op.) (holding that postponing decision on whether to appeal until after motion for new trial hearing did not constitute reasonable explanation), *cert. denied*, 562 U.S. 1004 (2010); *Treimee Corp. v. Jimenez*, No. 01-99-00814-CV, 2002 WL 123579, at *2 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (not designated for publication) (holding that busyness and travel schedule of sole shareholder of appellant did not provide reasonable explanation for untimely notice of appeal).

6

The fourth restricted-appeal element is at issue here.[3] Appellees assert that we lack jurisdiction over this restricted appeal because Appellant timely filed a postjudgment motion—its special appearance.

Appellant's special appearance is, literally, a postjudgment motion in that it was filed after the default judgment. Appellant's special appearance asserts that the trial court lacks personal jurisdiction over Appellant and requests the trial court to enter an order dismissing Appellees' lawsuit and awarding costs to Appellant. Thus, Appellant's special appearance implicitly requests that the trial court vacate the default judgment. *Compare In re Brookshire Groc. Co.*, 250 S.W.3d 66, 73 (Tex. 2008) (orig. proceeding) (recognizing "fundamental nature of a new trial motion" is to seek "not to reform, but to *vacate* the court's judgment"), *and Gomez*, 896 S.W.2d at 176–77 (holding that document filed by pro se litigant titled "bill of review" assailed the trial court's judgment and extended the appellate timetable), *with Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 185–86 (Tex. App.—Fort Worth 2004, no pet.) (holding that rule 306a motion did not seek to vacate trial court judgment, was not a postjudgment

---

[3]The fifth element—error on the face of the record—is addressed by Appellant in its brief, but because we hold that Appellant's timely filing of a postjudgment special appearance precludes its restricted appeal and that we lack jurisdiction over this appeal, we need not address whether error is apparent on the face of the record. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to disposition of an appeal).

motion that would extend the appellate timetable, and did not preclude restricted appeal).

Under rule of civil procedure 329(e), as well as established case law, Appellant's special appearance, which was filed within thirty days of the default judgment, constituted a postjudgment motion that extended the appellate timetable.[4] *See* Tex. R. Civ. P. 329b(e); *Lane Bank*, 10 S.W.3d at 310; *Gomez*, 896 S.W.2d at 176–77. Because Appellant timely filed a postjudgment motion that extended the appellate timetable, it is not entitled to pursue a restricted appeal. *See, e.g.*, *Wolf*, 276 S.W.3d at 25; *Estate of Head*, 165 S.W.3d at 902–03; *S.P. Dorman Exploration Co.*, 71 S.W.3d at 470; *Lab. Corp. of Am.*, 16 S.W.3d at 528; *Thomas*, 3 S.W.3d at 666–67; *Moncrief*, 805 S.W.2d at 23–24. Accordingly, we lack jurisdiction over this attempted restricted appeal. *See* Tex. R. App. P. 30; *Clopton*, 66 S.W.3d at 517; *Franklin v. Wilcox*, 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.).

---

[4]Appellant's motion to extend the time to file its notice of appeal likewise treats the special appearance as a postjudgment motion extending the appellate timetable.

8

## V. CONCLUSION

Having determined that we lack jurisdiction over this appeal, we dismiss it.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DELIVERED:  July 9, 2015