

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00037-CV

SAMUEL FERREIRA AND LUCIENE            APPELLANTS
DE CASTRO

V.

FIRST PREFERENCE MORTGAGE,            APPELLEES
CORP.; CITIMORTGAGE, INC.; &
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

----------

### FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 342-271750-14

----------

## MEMORANDUM OPINION[1]

----------

Appellants Samuel Ferreira and Luciene de Castro attempt to appeal from the trial court's order denying their verified motion for reconsideration. We dismiss the appeal.

---

[1]*See* Tex. R. App. P. 47.4.

On September 18, 2015, the trial court signed a final judgment dismissing appellants' claims against appellee First Preference Mortgage Corp. with prejudice. The judgment stated that it was intended to be final for appellate purposes and that it disposed of all claims against all parties.[2] On November 30, 2015, appellants filed a verified motion for reconsideration, asking the trial court to grant a new trial. The trial court held a hearing on the motion. At the hearing, the court explained to appellants that they had filed the motion too late and that the court did not have plenary power to change its judgment. On January 7, 2016, the trial court signed an order denying appellants' motion for reconsideration.[3] On January 28, 2016, appellants filed a notice of appeal.

On February 1, 2016, we sent appellants a letter expressing our concern that we lack jurisdiction. We explained that the notice of appeal was not timely filed. We informed appellants that we could dismiss the appeal unless they filed a response that showed grounds for continuing it. Appellants responded to our letter, but their response did not show grounds for continuing the appeal.

---

[2]The trial court had previously signed a judgment dismissing appellants' claims against the other appellees listed in the caption above.

[3]A trial court's "order overruling an untimely new trial motion cannot be the basis of appellate review." *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003).

A motion seeking a new trial or the modification of a final judgment must be filed within thirty days of the trial court's signing of the judgment.[4]  *See* Tex. R. Civ. P. 329b(a).  When such a motion is not filed within thirty days of the judgment, the trial court loses plenary power to grant a new trial or to modify the judgment at the expiration of those thirty days.  *See* Tex. R. Civ. P. 329b(d); *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 316 (Tex. App.—Fort Worth 2015, no pet.).  A notice of appeal from a final judgment must generally be filed within thirty days from the time the judgment is signed, but the notice of appeal may be filed within ninety days from that date if a party files a timely motion for new trial or a timely motion to modify the judgment.  *See* Tex. R. App. P. 26.1(a).

Here, appellants' November 30, 2015 motion seeking a new trial was untimely because they filed the motion more than thirty days after the September 18, 2015 final judgment.   *See* Tex. R. Civ. P. 329b(a).  Because appellants' motion was untimely, the trial court's plenary power to change its judgment had expired.  *See* Tex. R. Civ. P. 329b(d).  And even if appellants' motion seeking a new trial had been timely, their January 28, 2016 notice of appeal was untimely.  *See* Tex. R. App. P. 26.1(a).

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the

---

[4]Within the motion for reconsideration, appellants recognized that a "motion that extends the appellate deadlines must be filed within thirty days after the judgment or other order complained of is signed."

appeal.  *See* Tex. R. App. P. 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  Because appellants' notice of appeal of the final judgment was untimely and because appellants cannot appeal the trial court's denial of their untimely motion seeking a new trial, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *Verburgt*, 959 S.W.2d at 617; *see also Gilbert v. U.S. Bank Nat'l Ass'n*, No. 02-14-00166-CV, 2014 WL 3536749, at *1 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op.).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  April 14, 2016

4