

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00105-CV

WILLIAM CORNWELL                                                   APPELLANT

V.

SUZANNE CORNWELL                                                    APPELLEE

----------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 15-06165-158

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant William Cornwell attempts a restricted appeal. Because we lack jurisdiction over this appeal, we dismiss it.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The trial court conducted a final hearing in the divorce proceeding between William and Appellee Suzanne Cornwell on May 9, 2016. William did not attend the hearing, but he was represented by counsel at the hearing. The trial court signed a final decree of divorce on June 2, 2016, and William timely filed a motion for new trial on July 5, 2016.[2]

To implement the property division set forth in the final decree, and as agreed by the parties at the final trial, the trial court subsequently signed a July 12, 2016 qualified domestic relations order (QDRO) concerning William's retirement account identified as the NetScout Systems, Inc. 401k Savings Plan.

At a later hearing on William's motion for new trial, the trial court questioned the parties about the fact that of the monies that were supposed to be in the NetScout 401k, about "180-plus thousand" were not there. William explained on the record that these monies were not in the NetScout 401k but were in his Danaher Corporation & Subsidiaries Savings Plan 401k, "which was the account prior to the acquisition of the company to NetScout." He explained that "NetScout has started a brand-new 401k." The trial court gave the parties instructions to "get that taken care of" and to "get the QDRO squared away."

---

[2]William's motion for new trial due date fell on July 2, 2016, which was a Saturday, and the following Monday was the July 4 holiday, making William's motion for new trial timely filed on July 5, 2016. *See* Tex. R. Civ. P. 392b(a); Tex. R. App. P. 4.1(a).

On October 25, 2016, the trial court signed a QDRO concerning the Danaher 401k (Danaher QDRO) to effectuate the property division reflected in the final decree. William filed a second motion for new trial, which the trial court denied on February 22, 2017.

William filed a notice of appeal on March 24, 2017, identifying the trial court's February 22, 2017 order denying his motion for new trial as the order he was appealing from. After our court sent a letter questioning our jurisdiction over this appeal, William filed an amended notice of appeal. In his amended notice of appeal, William again purports to appeal from the trial court's February 22, 2017 order denying his motion for new trial. He sets forth the restricted-appeal requirements and argues that he has met them.

### III.  WILLIAM HAS FAILED TO INVOKE THIS COURT'S JURISDICTION

### A.     No Appeal from Order Denying Motion for New Trial

No appeal from an order denying a motion for new trial exists separately from an appeal of the underlying judgment. *See Macklin v. Saia Motor Freight Lines, Inc.*, No. 06-12-00038-CV, 2012 WL 1155141, at *1 (Tex. App.—Texarkana Apr. 6, 2012, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because an "order denying a motion for reconsideration or motion for new trial is not a judgment, and is not independently appealable"). To the extent William claims his March 24, 2017 notice of appeal is timely because it is calculated from the date of the February 22, 2017 order denying his motion for new trial, we cannot agree. *See id.*; Tex. R. App. P. 26.1.

3

## B. No Restricted Appeal

"[T]o directly attack a judgment by restricted appeal, (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal; and (5) the complained-of error that shows the invalidity of the judgment is apparent on the face of the record." *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). "These requirements are jurisdictional and will preclude a party's right to seek relief by way of a restricted appeal if they are not met." *Id.*; *see also Botello v. Davila*, No. 13-17-00283-CV, 2017 WL 2979822, at *1 (Tex. App.—Corpus Christi-Edinburg July 13, 2017, no pet.) (mem. op.) ("Each element of a restricted appeal is mandatory and jurisdictional.").

William's divorce decree was signed on June 2, 2016. His notice of appeal was filed on March 24, 2017. William consequently failed to timely perfect a restricted appeal within six months from the date of the divorce decree. *See In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.) (dismissing a restricted appeal for lack of jurisdiction when appeal was attempted more than six months after the trial court's order); *Lab. Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 529 (Tex. App.—Dallas 2000, no pet.) (dismissing a

4

restricted appeal for lack of jurisdiction when "appellant did not timely file the notice of appeal").

To the extent William argues on appeal that he is entitled to bring a restricted appeal from the October 25, 2016 Danaher QDRO, Suzanne contends, and the record reflects, that William participated through counsel at the final trial on May 9, 2016, and also at the August 25, 2016 hearing on his motion for new trial where the Danaher QDRO was discussed and resolved.  Assuming an appeal exists from a trial court's modification of a QDRO, a restricted appeal is not available to William because he participated either in person or through counsel or both at all hearings and because he filed a motion for new trial challenging the entry of the Danaher QDRO.  *See* Tex. R. App. P. 30 (setting forth restricted appeal requirements); *Franklin v. Wilcox*, 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.) (dismissing attempted restricted appeal for want of jurisdiction when the appellant "appeared at the hearing through his attorney" and "participated through his attorney in the hearing" by cross-examining a witness); *Aero at Sp. Z.O.O.*, 469 S.W.3d at 315 ("Because the [restricted appeal] requirements are jurisdictional, if a party timely files a postjudgment motion, a restricted appeal is not available."); *S.P. Dorman Expl. Co. v. Mitchell Energy Co.*, 71 S.W.3d 469, 470 (Tex. App.—Waco 2002, no pet.) (dismissing restricted appeal for want of jurisdiction when appellant timely filed a motion for new trial); *Lab. Corp. of Am.*, 16 S.W.3d at 528–29 (holding appellant

was precluded from perfecting restricted appeal because appellant timely filed a postjudgment motion).

## IV. CONCLUSION

Having determined that we lack jurisdiction over this appeal, we dismiss it. *See* Tex. R. App. P. 42.3(a); Tex. R. App. P. 43.2(f).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER and PITTMAN, JJ., and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: December 28, 2017