

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00764-CV

Miguel **GUERRA** and Ana Anita Guerra,
Appellants

v.

Copernicus **GUERRA**, Eric Stubbs, and Monica Trish Guerra,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-10888
Honorable Larry Noll, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  April 4, 2018

MOTION TO DISMISS GRANTED; APPEAL DISMISSED FOR WANT OF JURISDICTION

This is an attempted restricted appeal from a default judgment against appellants, Miguel

Guerra and Ana Anita Guerra, and in favor of appellees, Copernicus Guerra, Eric Stubbs, and

Monica Trish Guerra.  On appeal, appellants contend there is error apparent on the face of the

record because the record does not establish they were properly served with notice of the trial

setting.  While the appeal was pending, appellees filed a motion to dismiss, arguing this appeal

should be dismissed for want of jurisdiction because appellants timely filed a post judgment

motion, precluding them from seeking a restrictive appeal.  Appellees also filed a motion to award

damages, requesting that we award them damages as a sanction against appellants' counsel because the appeal is frivolous. Because appellants timely filed a motion for new trial and such a motion precludes them from seeking a restricted appeal, we grant appellees' motion to dismiss and dismiss this appeal for want of jurisdiction. We further deny appellees' request for damages as a sanction against appellants' counsel for pursing a frivolous appeal.

## BACKGROUND

The underlying dispute concerns the ownership of real property and partnership interests. On July 2, 2015, appellees filed suit seeking declaratory relief, requesting the trial court to declare the parties' rights and liabilities with respect to the disputed real property and partnership interests. In their petition, appellees also sought a temporary injunction and restraining order to prevent appellants from using any funds related to the partnership, accessing the business, communicating with the business's employees, and destroying any business property in their possession. Appellants filed an answer and counterclaim alleging conversion, breach of fiduciary duty, and quantum meruit. On July 10, 2015, the trial court signed an order granting both a restraining order and temporary injunction in favor of appellees. The record reflects the restraining order and temporary injunction were extended to September 10, 2015.

Thereafter, the case proceeded to a bench trial at which appellants failed to appear. The trial court subsequently rendered a default judgment in favor of appellees on May 24, 2016. The record reflects that on June 21, 2016, appellants timely filed a motion for new trial, seeking to vacate the default judgment. In their motion, appellants argued they did not receive notice of the trial setting. A hearing on the motion for new trial was held on July 22, 2016, and all parties appeared in person represented by counsel. During the hearing, appellants requested a continuance, and the hearing was reset for September 1, 2016. After the September hearing, the

trial court denied appellants' motion for new trial. Six months later — after the signing of the trial court's default judgment — appellants filed a notice of restricted appeal.

## ANALYSIS

On appeal, appellants contend there is error apparent on the face of the record because the record does not establish they were properly served with notice of the trial setting. Specifically, appellants assert the record does not demonstrate they were served with actual or constructive notice of the trial setting. For support, appellants point to an affidavit by Ana Anita Guerra, who states she was out of the country when appellees' counsel left notice of the trial setting at her doorstep.

### *Applicable Law — Restricted Appeal*

A restricted appeal is a direct attack on a default judgment. *Paez v. Trent Smith Custom Homes*, No. 04–13–00394-CV, 2014 WL 1089751, at *2 (Tex. App.—San Antonio March 19, 2014, no pet.) (mem. op.) (citing *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.); *Whitaker v. Rose*, 218 S.W.3d 216, 219 (Tex. App.—Houston [14th Dist.] 2007, no pet.)). To prevail on a restricted appeal, an appealing party must show that: (1) he brought the appeal within six months after the trial court signed the judgment; (2) he was a party to the suit; (3) he did not "participate" in the hearing that resulted in the complained-of judgment, nor did he timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) error is "apparent from the face of the record." *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Paez*, 2014 WL 1089751, at *2. "These requirements are jurisdictional and will preclude a party's right to seek relief by way of a restricted appeal if they are not met." *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 317 (Tex. App.—Fort Worth 2015, no pet.); *see Paez*, 2014 WL 1089751, at *2.

***Motion to Dismiss***

Before addressing appellants' contention regarding improper service, we must first address appellees' motion to dismiss because it raises jurisdiction concerns. *See Minton v. Gunn*, 355 S.W.3d 634, 639 (Tex. 2011), *rev'd on other grounds*, 568 U.S. 251 (2013) (holding appellate court must determine its jurisdiction to consider appeal before reaching merits). In their motion, appellees assert this court lacks jurisdiction over this restricted appeal because appellants timely filed a post judgment motion when they filed their motion for new trial on June 21, 2016. In their brief, appellants acknowledge a motion for new trial was timely filed on June 21, 2016. Appellants, however, contend the motion was "conclusory and had a number of failings[,]" and therefore did not constitute a proper motion for new trial for purposes of pursing a restricted appeal. We disagree.

As indicated above, the requirements of a restricted appeal are jurisdictional. *Gartman*, 469 S.W.3d at 317; *Paez*, 2014 WL 1089751; *Rodarte v. Bexar County*, No. 04-12-00211-CV, 2013 WL 1908381, at *3 (Tex. App.—San Antonio May 8, 2013, pet. denied) (mem. op.). "Because the requirements are jurisdictional, if a party timely files a post judgment motion, a restricted appeal is not available." *Gartman*, 469 S.W.3d at 317; *see Rodarte*, 2013 WL 1908381, at *3 ("When a party files a timely post-judgment motion, we lack jurisdiction over a restricted appeal."). A motion for new trial is a type of post judgment motion that extends the appellate deadlines. *See Gartman*, 469 S.W.3d at 316. Contrary to appellants' assertion that their "conclusory" motion did not constitute a proper motion for new trial, "any timely-filed motion seeking to vacate the trial court's judgment, *even a motion asserting meritless grounds for vacating the judgment*, constitutes a motion for new trial that will extend the appellate timetable." *Id.* (emphasis added); *see, e.g., PopCap Games, Inc. v. MumboJumbo*, 350 S.W.3d 699, 717 (Tex. App.—Dallas 2011, pet. denied) (holding motion for new trial on damages, which did not request

trial court to vacate judgment but only sought new trial exclusively on damages, sufficed as motion for new trial)*; see also Taylor v. Trans–Cont'l Props., Ltd.*, 739 S.W.2d 873, 876 (Tex. App.—Tyler 1987, no writ) (construing "Demand for Removal" as post judgment motion that extended the appellate timetable).

In this case, the trial court rendered a default judgment against appellants on May 24, 2016, and the appellants timely filed a motion for new trial on June 21, 2016 — within thirty days of the final judgment. *See* TEX. R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). In their motion for new trial, appellants sought to vacate the judgment and to extend the appellate deadlines. Accordingly, the motion constituted a proper motion for new trial, the timely filing of which precluded appellants from pursuing a restricted appeal. *See Gartman*, 469 S.W.3d at 317; *Rodarte*, 2013 WL 1908381, at *3. We therefore grant appellees' motion to dismiss and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 30; *Gartman*, 469 S.W.3d at 317; *Rodarte*, 2013 WL 1908381, at *3.

### *Motion for Sanctions*

As indicated in the introduction, while the appeal was pending in this court, appellees filed, in addition to their motion to dismiss, a motion asking this court to award them damages under Texas Rule of Appellate Procedure 45. Appellees argue they are entitled to such damages because appellants' appeal is frivolous because counsel for appellants filed the notice of restricted appeal fully aware that a post judgment motion was timely filed in this case, precluding a restricted appeal.

Rule 45 of the Texas Rules of Appellate Procedure provides that an appellate court may award damages to a prevailing party if it objectively determines an appeal is frivolous. TEX. R. APP. P. 45.2. "To determine whether an appeal is objectively frivolous, we review the record from the standpoint of the advocate and decide whether the advocate had reasonable grounds to believe

the case could be reversed." *In re Willa Peters Hubberd Testamentary Trust*, 432 S.W.3d 358, 369 (Tex. App.—San Antonio 2014, no pet.). "Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances." *Id.*

In this case, we hold appellants' appeal is not frivolous. Although appellate counsel for appellants acknowledged in the notice of appeal, as well as in the appellate brief, that a motion for new trial was timely filed, counsel argued that the merits of the motion for new trial were insufficient to constitute a proper motion for new trial. Accordingly, counsel attempted to argue for an extension of the law, which we conclude is not so egregious as to warrant an award of just damages to appellees. *See id.* Accordingly, we deny appellees' request for damages.

## CONCLUSION

Having determined that we lack jurisdiction over this appeal, we grant appellees' motion to dismiss and dismiss this appeal. We further deny appellees' motion to award damages.

Marialyn Barnard, Justice