In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00325-CV
_____

**JAMES EDWARD GRIGGS, Appellant**

**V.**

**BRANDI MICHELLE GRIGGS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A190037-D**

**MEMORANDUM OPINION**

This is an attempted restricted appeal from a default judgment. In the notice of appeal, appellant states that he filed a motion for new trial that was overruled by operation of law. On September 25, 2019, we questioned our jurisdiction over the purported restricted appeal and warned that we would dismiss the appeal unless grounds for continuing the appeal were shown. Appellant did not file a response.

1

To prevail on a restricted appeal, appellant must show that: (1) he brought the appeal within six months after the trial court signed the judgment; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). "These requirements are jurisdictional and will preclude a party's right to seek relief by way of a restricted appeal if they are not met." *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). Therefore, if a party timely files a post-judgment motion, restricted appeal is not available. *Id.* at 317.

Because appellant filed a timely motion for new trial, this Court lacks jurisdiction over this restricted appeal. *See id.* at 315, 317; *see also* Tex. R. App. P. 30. We therefore dismiss the appeal for want of jurisdiction.

APPEAL DISMISSED.

                                 _____
                                     STEVE McKEITHEN
                                     Chief Justice

Submitted on October 30, 2019
Opinion Delivered October 31, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.