

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00159-CV

_____

IN THE INTEREST OF O.H., A CHILD

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-683964-20

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In this restricted appeal, Mother challenges the termination of her parental rights. She attacks the voluntariness of the affidavit by which she relinquished her parental rights and whether the affidavit proves that termination was in her child's best interest. We affirm.

## I.    BACKGROUND

In May 2020, Mother executed a "Statement to Confer Standing," in which she sought to give Jim and Julia Kingsley authority to seek termination of Mother's parental rights to her then-unborn Son.[1]  The statement reflected Mother's understanding that the Kingsleys would seek to adopt Son.

In June 2020, the Kingsleys petitioned to terminate Mother's parental rights. Four days after Mother gave birth, the Kingsleys arranged for Mother and Father to execute affidavits to voluntarily relinquish their parental rights.

Pursuant to statute, the affidavits were witnessed by two people and notarized. *See* Tex. Fam. Code Ann. § 161.103(a).  The affidavits recited that they were signed more than 48 hours after Mother gave birth.  *Id.*  They also incorporated several forms of required information, such as Mother's age, an allegation that termination of the parent–child relationship was in Son's best interest, a statement that Mother had been

---

[1]We refer to the parties by aliases in order to protect the minor's identity.  *See* Tex. R. App. P. 9.8(b)(2); Tex. Fam. Code Ann. § 109.002(d); *In re J.P.*, 598 S.W.3d 789, 791 n.1 (Tex. App.—Fort Worth 2020, pets. denied).

informed of her parental rights and duties, and a bold-print, all-capital-lettered warning that the affidavit was irrevocable for sixty days. *See id.* § 161.103(a)–(b).

The case went to trial that November, and there was only one witness, Jim Kingsley. Jim testified that he and Julia had been looking to adopt when a friend had put them in touch with Mother and Father, who were in "dire circumstances." Within days of their first meeting, Mother and Father had asked the Kingsleys if they wanted to adopt Son. The Kingsleys had agreed. Jim testified that he and his wife had done nothing to coerce Mother and Father into executing their affidavits, that Mother had not since attempted to revoke her affidavit, and that termination was in Son's best interest. The court's amicus attorney, whose duty was to advocate the child's best interest, reported that based on her investigation, she believed that termination served Son's best interest.[2] And the trial court took judicial notice of its file, including the relinquishment affidavits.[3]

Based on the above, the trial court expressly found both that Mother and Father had voluntarily relinquished their parental rights and that termination of the parent–child relationship was in Son's best interest. The trial court terminated Mother and

---

[2] *See* Tex. Fam. Code Ann. § 107.005(a).

[3] *See In re M.S.*, No. 02-18-00379-CV, 2019 WL 1768993, at *3, *6–7 (Tex. App.—Fort Worth Apr. 22, 2019, pets. denied) (mem. op.) (documenting unchallenged judicial notice of relinquishment affidavit); *In re C.E.*, No. 02-14-00054-CV, 2014 WL 3866159, at *4–5 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (per curiam) (mem. op.) (same).

Father's parental rights. Mother filed this restricted appeal just two days shy of six months later.

## II. DISCUSSION

In her first issue, Mother argues that she did not voluntarily execute her affidavit of relinquishment. She contends that she signed the affidavit under coercion and duress.

To sustain a restricted appeal, the filing party must show that:

(1) she filed notice of the restricted appeal within six months after the judgment was signed;

(2) she was a party to the underlying lawsuit;

(3) she did not participate in the hearing that resulted in the judgment complained of, and she did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

(4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The first three elements are not disputed. Rather, the parties focus on the fourth element, whether error is apparent on the face of the record. "Review by restricted appeal affords an appellant the same scope of review as an ordinary appeal." *Id.*

Under the Texas Family Code, the trial court may terminate parental rights upon a finding, by clear and convincing evidence, that the parent has "executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental

4

rights as provided by this chapter" and that termination is in the best interest of the child. Tex. Fam. Code Ann. § 161.001(b)(1)(K), (2); *In re R.B.*, 225 S.W.3d 798, 803–04 (Tex. App.—Fort Worth 2007, no pet.).

"Section 161.103(a) requires that the affidavit be for *voluntary* relinquishment, and implicit in section 161.001[(b)](1)(K) is the requirement that the affidavit of parental rights be voluntarily executed." *In re K.M.L.*, 443 S.W.3d 101, 113 (Tex. 2014) (internal citations omitted). "An involuntarily executed affidavit is a complete defense to a termination suit based on section 161.001[(b)](1)(K)." *Id.*

A restricted appeal is a direct attack on the trial court's judgment, *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.), and "[a] direct . . . attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights . . . is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." Tex. Fam. Code Ann. § 161.211(c); *In re B.H.*, No. 02-15-00155-CV, 2015 WL 5893626, at *3 (Tex. App.—Fort Worth Oct. 8, 2015, no pet.) (mem. op.); *see In re D.S.*, 602 S.W.3d 504, 515 (Tex. 2020). It is beyond dispute that the termination order here is "an order terminating parental rights based on" unrevoked affidavits of relinquishment, and thus the scope of Mother's restricted appeal is limited to the question whether there was fraud, duress, or coercion. *See* Tex. Fam. Code Ann. § 161.211(c).

To show duress and coercion, Mother relies heavily on matters outside the record, primarily in the form of a new and different affidavit that she attached to her

5

brief.  In this new affidavit, Mother professes that her decision to execute the relinquishment affidavit was made under sedation, in haste, and under pressure from the Kingsleys.

In *B.H.*, we addressed a similar attempt to show the involuntariness of a relinquishment affidavit through reference to matters outside the record.  2015 WL 5893626, at *3.  There, the mother's only source material for demonstrating involuntariness was "an unsigned, handwritten document that she attached to her brief but that [did] not appear in the record." *Id.* at *4.  We held that we could not "consider such a document as a basis for reversing a trial court's judgment" because "[a]n appellate court may not consider matters outside the appellate record." *Id.*  "The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered." *Id.*; *see also In re S.W.*, 614 S.W.3d 311, 315–16 (Tex. App.—Fort Worth 2020, no pet.).  We thus do not consider Mother's new affidavit.

Aside from her new affidavit, Mother offers nothing to show fraud, duress, or coercion.  Because Mother has failed to carry her burden to show involuntariness, her challenge must fail.

Also within her first issue, Mother appears to challenge the sufficiency of the evidence to show that she executed the relinquishment affidavit in compliance with the statutory requirements.  We agree that there is a discrepancy in the affidavit as executed: it does not include Father's name and county of residence, as required under Section

6

161.103. *See* Tex. Fam. Code Ann. § 161.103(b)(7). However, Mother may not challenge this discrepancy or the general sufficiency of the affidavit due to the limited scope of this restricted appeal: "Because the termination order was based on affidavits of voluntary relinquishment, section 161.211(c) provided limited grounds for reviewing the order, and those grounds did not include failure to prove satisfaction of a statutory prerequisite." *D.S.*, 602 S.W.3d at 515; *see* Tex. Fam. Code Ann. § 161.211(c); *Moore v. Brown*, 408 S.W.3d 423, 438 (Tex. App.—Austin 2013, pet. denied). That is, Section 161.211 "proscribes challenges based solely on a complaint that the affidavit violated one of section 161.103's requirements." *Moore*, 408 S.W.3d at 438; *see In re M.S.*, No. 02-18-00379-CV, 2019 WL 1768993, at *9 (Tex. App.—Fort Worth Apr. 22, 2019, pets. denied) (mem. op.). We therefore overrule Mother's first issue.

In her second issue, Mother challenges the trial court's finding that termination of the parent–child relationship was in Son's best interest. Again, in this type of restricted appeal, the family code generally bars us from considering issues other than whether the relinquishment affidavit was the product of fraud, duress, or coercion. *See D.S.*, 602 S.W.3d at 515; *In re K.S.L.*, 538 S.W.3d 107, 110–11 (Tex. 2017). Because Mother's second issue exceeds the scope of this restricted appeal, we overrule the issue without regard to its merit.

### III. CONCLUSION

We affirm the trial court's judgment terminating Mother's parental rights.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: