

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00462-CV

Rustton **WEBSTER**,
Appellant

v.

Ashley **WEBSTER**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 19-0189-CV-A
Honorable Jessica Crawford, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed: October 12, 2022

DISMISSED FOR WANT OF JURISDICTION

On July 15, 2022, Appellant filed a request for reporter's record that was also his notice of appeal from a post-judgment hearing on July 13, 2022. On September 1, 2022, this court ordered Appellant to show cause why his appeal should not be dismissed for want of jurisdiction because the record contained no signed order from the trial court for the hearing. Appellant responded but provided no signed order. Appellant explained that he wanted to challenge the underlying mediated settlement agreement in the case, for which the trial court signed a final judgment on May 19, 2021.

Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The time to appeal such a final judgment under Texas Rule of Appellate Procedure 26.1 generally expires thirty days after the signed final judgment. *See* TEX. R. APP. P. 26.1; *Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 359 (Tex. 2021). A timely-filed motion to vacate can extend the appellate timetable, but it must be filed within thirty days of the trial court's judgment. *See Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 316 (Tex. App.—Fort Worth 2015, no pet.).

Here, what must be considered the final judgment in the case, the May 19, 2021 judgment, was signed more than a year before this appeal. Appellant's May 9, 2022 petition to vacate was filed nearly a year after the trial court's final judgment. Both the petition to vacate and Appellant's appeal were untimely to challenge the trial court's final judgment. Furthermore, there is no signed order from the July 13, 2022 hearing in the record. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM