

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00487-CV

**J.D. ABRAMS, LP**,
Appellant

v.

Tamer **MORSI**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CI-04210
Honorable Marialyn Barnard, Judge Presiding

Opinion by:      Lori Massey Brissette, Justice

Sitting:         Irene Rios, Justice
                 Lori Massey Brissette, Justice
                 H. Todd McCray, Justice

Delivered and Filed: July 16, 2025

REVERSED AND REMANDED

The issue in this case is whether a green card receipt that fails to identify the person served with citation is sufficient to support a no-answer default judgment. Because we find it is not, we reverse and remand for further proceedings.

### FACTS

Tamer Morsi sued J.D. Abrams, LP for wrongful termination on February 26, 2024. On February 29, 2024, Morsi directed the district clerk to serve Abrams, a limited partnership

registered and conducting business in Texas, through "J. Kelly Gallagher, CFO J.D. Abrams LP" via certified mail. Citation was created according to those directions by the district clerk. The officer's return of service, signed by the clerk, states that service was effectuated on March 12, 2024, but in the space on the return wherein the officer is called upon to identify the person to whom service was delivered there is simply a reference to "See Green Card."

The green card is addressed in the manner of the citation—to J. Kelly Gallagher, CFO J.D. Abrams, LP. But, the signature on the card is illegible, the space requiring the printed name of the person who received service is blank, and the boxes to note whether the person receiving service is the addressee or an agent of the addressee are also blank. And, where the green card asks whether service was effectuated at the address noted on the card or at a different address, no answer is provided.

On this record, Morsi moved for default judgment the day after an answer would have been due assuming service was effectuated on March 12, 2024 as stated in the officer's return. When asked by the trial judge about the illegible signature, Morsi admitted that he did not know who received service. Even so, the trial court rendered a default judgment awarding Morsi $38,000 for actual and compensatory damages, $5,000 for mental and emotional distress, $5,000 for damages to professional reputation, and $10,000 for punitive damages. As well, the default judgment awards attorneys' fees, court costs, and prejudgment and post-judgment interest with no amount stated for those items.

On July 17, 2024, Abrams filed a notice of restricted appeal pursuant to Texas Rule of Appellate Procedure 30. In its appeal, Abrams asserts that the record fails to demonstrate that service was effectuated in strict compliance with Texas Rules of Civil Procedure 106 and 107 and

contends the evidence presented to support the damages award is legally and factually insufficient.[1]

ANALYSIS

To prevail on a restricted appeal, Abrams must demonstrate that (1) he filed a notice of restricted appeal within six months after the judgment was signed;[2] (2) he did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a); and (3) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); TEX. R. APP. P. 30. The last two requirements are at issue here.

**Morsi's Motion to Dismiss Appeal**

First, Morsi urges this court to dismiss the restricted appeal based on Abrams' filing of a "Notice Confirming Appearance" which, according to Morsi, stated: "This notice is being filed to amicably accommodate Plaintiff's request for clarity regarding Defendant's representation which commenced upon the filing of Defendant's Notice of Restricted Appeal on July 17, 2024."[3] He contends that, by such filing, Abrams participated in the trial court proceedings and is, therefore, barred from a restricted appeal under Texas Rule of Appellate Procedure 30. Normally, without the required record of the filing we would simply deny the motion. However, we feel it important to note that, even based on Morsi's account of the filing the motion should be denied.

---

[1] Morsi filed a motion to strike portions of Appellant's brief, which motion we carried with the appeal. Because we find no cause to strike the portions referred to, we deny the motion.

[2] There is no dispute that Abrams' notice of restricted appeal was timely, having been filed just over 90 days post-judgment.

[3] There is no such notice in the record before us. According to Morsi, the Notice was filed on November 18, 2024 and allegedly, again according to Morsi, was backdated to July 17, 2024, the day of the notice of restricted appeal.

Texas Rule of Appellate Procedure 30 allows for a restricted appeal to challenge a default judgment after the trial court has lost plenary power. Rule 30 states:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

TEX. R. APP. P. 30. The requirements of Rule 30 are jurisdictional and will preclude a restricted appeal if not met. *Clopton v. Pak,* 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

But, Morsi's argument is misplaced. According to Morsi, the filing was nothing more than a notice of representation, evidently made at Morsi's request. By filing such a notice, Abrams did not "participate—either in person or through counsel—*in the hearing that resulted in the judgment complained of*"—that being the default judgment hearing on April 9, 2024. TEX. R. APP. P. 30 (emphasis added). Further, Abrams "did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a)" given that the filing was made seven months post-judgment and, even with the alleged backdating, more than ninety days post-judgment. *Id.* Finally, the filing—again by Morsi's own account—does not seek to vacate or challenge the judgment.

As support for his motion, Morsi cites to *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314 (Tex. App.—Fort Worth 2015, no pet.). But, *Aero* actually supports denial of his motion. There, the defendant filed a special appearance within thirty days of the final judgment, making it a timely post-judgment motion invoking the trial court's jurisdiction and seeking to set aside its judgment. *Aero*, 469 S.W.3d at 317–18. The *Aero* appellant's actions ran counter to the requirements of Rule 30, whereas Abrams' actions do not. *Id.* ("Appellant's special appearance is, literally, a

- 4 -

postjudgment motion. . . [that] implicitly requests that the trial court vacate the default judgment.")
(citing TEX. R. APP. P. 30). Accordingly, we deny Morsi's motion to dismiss the restricted appeal.

**Error on the Face of the Record**

Abrams contends that the record itself fails to demonstrate that service was properly
effectuated. "Whether service was in strict compliance with the rules is a question of law that we
review de novo." *Trevino v. Travis*, No. 04-22-00167-CV, 2023 WL 4095260, at *3 (Tex. App.—
San Antonio June 21, 2023, no pet.) (citing *Pro-Fire & Sprinkler, L.L.C. v. Law Co., Inc.*, 661
S.W.3d 156, 162 (Tex. App.—Dallas 2021, no pet.)). And, strict compliance is required, not the
actual knowledge that Morsi sought to present to the trial court.[4] *Harvestons Sec., Inc. v. Narnia
Invs., Ltd.*, 218 S.W.3d 126, 132–33 (Tex. App.—El Paso 1996, no writ) (citing *N. Carolina Mut.
Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 721 (Tex. App.—Austin 2003, pet. denied)); *Texaco,
Inc. v. Central Power and Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996).

No-answer default judgments are disfavored. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex.
2020). Thus, it is well established that "[s]ervice of process that does not strictly comply with the
rules' requirements is 'invalid and of no effect.'" *Id.* at 317 (quoting *Uvalde Country Club v. Martin
Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985)); *see also Guardianship of Fairley*, 650
S.W.3d 372, 380 (Tex. 2022); *De La Fuente v. Castillo*, 740 S.W.2d 113, 114 (Tex. App.—San
Antonio 1987, writ denied). In determining compliance, "[t]he strict compliance requirements in
the default judgment context preclude courts from making even the most obvious and rational
inferences." *Harvestons*, 218 S.W.3d at 132–33; *see also Verlander Enter., Inc. v. Graham*, 932
S.W.2d 259, 262 (Tex App.—El Paso 1996, no writ) (refusing to assume "Jim Gore" was served

---

[4] Morsi urged the trial court to render default judgment despite the record because he stated Abrams had actual
knowledge of the lawsuit. He testified that he faxed and emailed copies of the lawsuit to Abrams' office and that he
heard through a third party that Abrams was aware of the filing.

in his capacity as a vice president of the corporation where the citation referred to him in his individual capacity); *see also WWLC Inv., LP v. Miraki*, 624 S.W.3d 796, 799–800 (Tex. 2021) (holding service was not effectuated on limited partnership where person served was not shown to be general partner or registered agent, even where person was found to be the sole person involved with the company) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)).

Texas Rule of Civil Procedure 106 allows for a citation to be served by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and petition." Rule 107(b) requires that "[t]he return, together with any documents to which it is attached, must include : . . .(5) the person or entity served; (6) the address served." TEX. R. CIV. P. 107(b)(5)–(6). Further Rule 107(c) states, "When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." TEX. R. CIV. P. 107(c).

Where the record fails to demonstrate that the person identified in the citation was served, the law is clear that the default judgment should be reversed. *See, e.g., Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam) (reversing default judgment where return of service did not include defendant's signature); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied) (reversing default judgment where green card receipt was signed by someone other than the person to be served); *Boyd v. Kobierowski*, No. 04-06-00411-CV, 2007 WL 390368 (Tex. App.—San Antonio Feb. 7, 2007, no pet.) (same); *Pharmakinetics Laboratories, Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ) (same).

Even more on point is the decision in *Alamo Home Fin., Inc. v. Duran*, No. 13-14-00462-CV, 2015 WL 4381091, at *1 (Tex. App.—Corpus Christi-Edinburg July 16, 2015, no pet.) (mem.

op.). There, as here, the green card receipt included an illegible signature and left blank the boxes meant to identify if the recipient was the addressee or an agent of the address. *Id*. As such, the record failed to demonstrate that service was effectuated upon the defendant and default judgment was reversed. *Id*. at \*7. "If the individual who signs the receipt of delivery is not the addressee or an agent otherwise capable of receiving service, service of process is invalid." *Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 384 (Tex. App.—El Paso 2019, no pet.) (different person signed green card but failed to check either addressee or agent of addressee box to identify relationship with person to be served) (citing *Master Capital Solutions Corp. v. Araujo*, 456 S.W.3d 636, 639–40 (Tex. App.—El Paso 2015, no pet.)).

Further, even if the record did demonstrate that Kelly Gallagher was the one who received the citation, having been served in his capacity as CFO of J.D. Abrams, LP, such service would be insufficient. Unlike a corporation, where service upon an officer of the company is sufficient, "service on a limited partnership may be made on its general partner or registered agent." *Miraki*, 624 S.W.3d at 799 (Tex. 2021) (per curiam) (holding service on the president/CEO of the company was invalid because the record did not demonstrate that she was either the general partner or the registered agent of the limited partnership, even where the evidence established that she was the sole person involved with the company); *see also* Tex. Bus. Orgs. Code §§ 5.201(b)(1), 5.255(1)–(2).

We hold that service was ineffective and does not support the entry of a no-answer default judgment. Because we so hold, we need not address whether the evidence admitted at the default judgment hearing was sufficient to support the award rendered. For these reasons, we reverse and remand the matter for further proceedings.

Lori Massey Brissette, Justice