3 S.W.3d 665 (1999)
Dan THOMAS, Appellant,
v.
TEXAS DEPARTMENT OF CRIMINAL JUSTICEINSTITUTIONAL DIVISION and Texas Tech University Health Sciences Center, Appellees.
No. 2-98-380-CV.
Court of Appeals of Texas, Fort Worth.
October 14, 1999.
Rehearing Overruled November 18, 1999.
Dan Thomas, Livingston, for Appellant.
John Cornyn, Atty. Gen. of Texas, Andy Taylor, First Asst. Atty. Gen., Shane Phelps, Dep. Atty. Gen., Louis V. Carrillo, Chief, Law Enforcement Defense Div., Kevin Lashus, Asst. Atty. Gen., Austin, for Appellees.
Panel B: LIVINGSTON, BRIGHAM, and HOLMAN, JJ.

*666 OPINION
WILLIAM BRIGHAM, Justice.
Appellant Dan Thomas appeals the trial court's dismissal, for want of prosecution, of his pro se negligence suit against Appellees Texas Department of Criminal JusticeInstitutional Division and Texas Tech University Health Sciences Center. In two points, he contends the trial court abused its discretion in dismissing the suit and denying Appellant court-appointed counsel. We lack jurisdiction over this restricted appeal because Appellant did not timely file his notice of appeal. Accordingly, we dismiss the appeal.

BACKGROUND
Appellant filed suit under the Texas Tort Claims Act for damages he sustained after breaking his tooth on a rock while eating pinto beans served him in the Bill Clements Unit. His original petition was filed on July 12, 1996. Appellees answered on August 29, 1996. Appellant filed a motion for discovery and a motion for pretrial scheduling order on April 3, 1997. He also filed requests for admissions on July 28, 1997. Finally, he filed a motion to compel production of documents on October 22, 1997.
On June 12, 1998, the Wichita County District Clerk's Office notified Appellant by letter that the case was set for dismissal for want of prosecution on August 21, 1998, and that he should file a motion to retain and show good cause why the case should be maintained on the docket. The letter also notified Appellant that he could obtain a hearing on his motion from the court secretary.
On July 15, 1998, Appellant filed a "Motion to Retain the Lawsuit and His Said Request for a Bench Warrant To Attend Any Hearing," stating that he has not intentionally sought to delay the prosecution of the lawsuit, and that he "has been litigating pro-se various appeals in the Texas Court of Criminal Appeals, Court of Appeals, and Habeas Corpus and Petition for Review, and Petion [sic] for Writ of Certiorari in the U.S. Supreme Court, U.S. District Court, and Texas Supreme Court... since the filing of this lawsuit." He also filed on that date a motion for court-appointed counsel and an unsworn affidavit of indigency.
On August 21, 1998, the trial court dismissed Appellant's case for want of prosecution. On the same date, the district clerk's office notified Appellant by letter of the dismissal. Appellant filed a motion to reinstate[1] on September 2, 1998, and a motion for hearing on his motion. He filed a notice of appeal on December 14, 1998.

RESTRICTED APPEAL
Rule 30 sets out the prerequisites to bringing a restricted appeal. See Tex. R.App. P. 30. It provides:
A party who did not participateeither in person or through counselin the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).
Id. (emphasis added).
Rule 26.1(a) provides in part that the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files a motion to reinstate under Texas Rule of Civil Procedure 165a. See Tex.R.App. P. 26.1(a)(3).
Because Appellant timely filed a postjudgment motion to reinstate pursuant to Rule 26.1(a)(3), his notice of appeal should have been filed within 90 days after the date of signing of the court's dismissal for want of prosecution. The order dismissing *667 the case was signed on August 21, 1998. Appellant's notice of appeal was due on November 19, 1998; it was not filed until December 14, 1998.

APPELLANT'S RESPONSE TO JURISDICTION
On September 21, 1999, this court notified Appellant that (1) his notice of appeal was due November 19, 1998, but was not filed until December 14, 1998, and (2) this appeal may be dismissed for want of jurisdiction. See Tex.R.App. P. 26.1, 42.3. Appellant responded by requesting that this court construe his attempt to appeal as a petition for writ of mandamus, citing Verburgt v. Dorner, 959 S.W.2d 615 (Tex.1997) and Tex.R.App. P. 2. We decline to do so because Appellant's pleading does not meet the requirements of Tex.R.App. P. 52, and Verburgt and rule 2 are not applicable to Appellant's case. See Verburgt, 959 S.W.2d at 617 (if notice of appeal is filed within 15-day period of Tex.R.App. P. 26.3, a motion for extension of time is implied); Tex.R.App. P. 2 (court may suspend a rule's operation but must not alter the time for perfecting an appeal in a civil case).

CONCLUSION
Because Appellant's notice of appeal was untimely, we lack jurisdiction of this appeal. It is dismissed.
NOTES
[1] His motion to reinstate specifically states that it is filed pursuant to Rule 165a of the Texas Rules of Civil Procedure.