COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROY PAUL PLATTEL, | § | No. 08-09-00210-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 43rd District Court |
| EMILY LYNNE LARIMORE, | § | |
| | | of Parker County, Texas |
| Appellee. | § | |
| | | (TC# CV07-2156) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Pending before this Court is Appellee's motion to dismiss Appellant's restricted appeal. We grant the motion and dismiss the appeal.

On December 15, 2008, the trial court entered a default judgment in favor of Appellee. Appellant then filed a motion for new trial and motion for remittitur on January 14, 2009.[1] The trial

---

[1] Although the record reflects that Appellant's motions were file-marked by the clerk for January 20, 2009, it was deemed filed on January 14, 2009, the day he deposited the motions in the mail. *See* TEX. R. CIV. P. 5 ("If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time."); *see also Beard v. Beard*, 49 S.W.3d 40, 54 (Tex. App.–Waco 2001, pet. denied) (finding motion for new trial timely when deposited in mail on day it was due). Appellant, however, argues that his motions were not timely filed. Concerning his motion for new trial, Appellant asserts that the filing was rejected by the clerk since he failed to pay the filing fee and his affidavit of indigence was deficient. Appellant's assertion is not found in the record, but rather in an affidavit he filed with this Court at the time he filed his brief. We may not consider Appellant's affidavit as that is a matter outside the appellate record. *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.–El Paso 1995, no pet.) ("It is elementary that, with limited exceptions not material here, an appellate court may not consider matters outside the appellate record. That record consists of the transcript and, where necessary, a statement of facts. Material outside the record that is improperly included in or attached to a party's brief may be stricken.") (citations omitted). Inasmuch as Appellee requests that we strike Appellant's affidavit, we do so. Further, the clerk's record shows that Appellant's motion was stamped filed, and nothing in the record, other than Appellant's statements, contradicts that filing. Although Appellant may claim that the motion was not filed because the filing fee was not paid, a motion for new trial tendered without the necessary filing fee is still conditionally filed when it is presented to the clerk. *See Garza v. Garcia*, 137 S.W.3d 36, 37-38 (Tex. 2004). And even if Appellant's argument was meritorious, Appellant's motion for remittitur did not require a filing fee, and Appellant raises no argument that the remittitur motion was not timely filed. *See* TEX. GOV'T CODE ANN. § 51.317(b)(5) (Vernon Supp. 2009) (remittitur motion not listed as a motion that requires a filing fee).

court did not rule on either motion. On June 15, 2009, Appellant filed his notice of restricted appeal.

A restricted appeal is a direct attack on a judgment. *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 309 (Tex. App.–Houston [1st Dist.] 2001, pet. denied). Rule 30 of the Texas Rules of Appellate Procedure provides:

> A party who did not participate – either in person or through counsel – in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. To directly attack a judgment by restricted appeal, (1) the appeal must be brought within six months after the trial court signed the judgment, (2) by a party to the suit, (3) who did not participate in the hearing that resulted in the judgment complained of, (4) who did not timely file a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal, and (5) the error complained of that shows the invalidity of the judgment is apparent on the face of the record. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.013 (Vernon 2008); TEX. R. APP. P. 30; *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). If a party timely files a post-judgment motion, a restricted appeal is not available. *See In re Estate of Head*, 165 S.W.3d 897, 902-03 (Tex. App.–Texarkana 2005, no pet.) (motion to reconsider summary judgment); *S.P. Dorman Exploration Co., L.P. v. Mitchell Energy Co., L.P.*, 71 S.W.3d 469, 470 (Tex. App.–Waco 2002, no pet.) (motion for new trial).

Because Appellant timely filed two postjudgment motions, that is, a motion for new trial and motion for remittitur, a restricted appeal was simply not available to him. *See Wolf v. Andreas*, 276 S.W.3d 23, 25 (Tex. App.–El Paso 2008, pet. withdrawn) ("If a party timely files a post-judgment motion, a restricted appeal is not available."); *Laboratory Corp. of America v. Mid-Town Surgical Center*, 16 S.W.3d 527, 528 (Tex. App.–Dallas 2000, no pet.) ("Because appellant timely filed a

postjudgment motion, rule 30 does not permit appellant to bring a restricted appeal."). Therefore, Appellant had to file his notice of appeal within ninety days after the trial court signed the judgment, which he failed to do. *See* Tᴇx. R. Aᴘᴘ. P. 26.1(a)(1); *Thomas v. Texas Dep't of Criminal Justice-Institutional Div.*, 3 S.W.3d 665, 666-67 (Tex. App.–Fort Worth 1999, no pet.). Accordingly, we grant Appellee's motion and dismiss this appeal for want of jurisdiction.


GUADALUPE RIVERA, Justice

December 30, 2009

Before Chew, C.J., McClure, and Rivera, JJ.