COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

JOSE CARDONA,                                                         No. 08-13-00207-CV

§

    Appellant,                                                            Appeal from

§

v.                                                                    243rd District Court

§

T & T STAFF MANAGEMENT, INC.                              of El Paso County, Texas
AND MARTINEZ BROTHERS
CONTRACTORS, L.L.C.,          §                                      (TC # 2010-3328)

§

    Appellees.

§

## MEMORANDUM OPINION

Jose Cardona appeals from an order dismissing his suit for want of prosecution. Appellees have filed a motion to dismiss for want of jurisdiction. We grant the motion and dismiss the appeal for want of jurisdiction.

The trial court signed the dismissal order on April 16, 2013. Appellant timely filed a motion to reinstate on May 7, 2013 and that motion was overruled by operation of law. *See* TEX.R.CIV.P. 165a, 329b(c). Thus, Appellant's notice of appeal was due to be filed on or before July 15, 2013. *See* TEX.R.APP.P. 26.1(a)(3)(providing that notice of appeal must be filed within 90 days after the judgment is signed if any party timely files a motion to reinstate under Rule 165a). Appellant did not file his notice of appeal until August 5, 2013. The Clerk sent a notice to Appellant informing him of the Court's intent to dismiss the appeal because the notice of

appeal had not been timely filed. *See* TEX.R.APP.P. 42.3. Appellant filed a written response asserting that his notice of appeal was timely filed because this is a restricted appeal.

In a restricted appeal, the notice of appeal is due to be filed within six months after the judgment or order is signed. TEX.R.APP.P. 26.1(c). Rule 30 of the Texas Rules of Appellate Procedure permits a restricted appeal only when the appellant "did not participate--either in person or through counsel--in the hearing that resulted in the judgment complained of" and "did not timely file a postjudgment motion." TEX.R.APP.P. 30. A motion to reinstate is a postjudgment motion and it is timely if filed within thirty days after the order of dismissal is signed or within the period provided by Rule 306a. *See* TEX.R.CIV.P. 165a(3). Because Appellant timely filed a motion to reinstate, he is not permitted to bring a restricted appeal under Rule 30, and his notice of appeal was due to be filed on July 15, 2013, ninety days after the trial court signed the dismissal order. *See* TEX.R.APP.P. 26.1(a)(3), 30; *Thomas v. Texas Department of Criminal Justice-Institutional Division*, 3 S.W.3d 665, 666-67 (Tex.App.--Fort Worth 1999, no pet.)(plaintiff who timely filed postjudgment motion to reinstate after his case was dismissed for want of prosecution was required to file notice of appeal within 90 days after trial court signed dismissal). Appellant filed his notice of appeal on August 5, 2013, more than fifteen days after the due date. Accordingly, we dismiss the appeal for lack of jurisdiction. *See Thomas*, 3 S.W.3d at 666-67.

October 2, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.