

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00314-CV

_____

IN THE INTEREST OF F.R. AND R.R, CHILDREN

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-619733-17

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant S.R. attempts to appeal three temporary orders in a suit affecting the parent–child relationship (SAPCR): (1) "Temporary Orders" signed on June 4, 2025; (2) "Order on Motion to Quash Subpoenas and for Protective Order Regarding Third-Party Subpoena" signed on June 4, 2025; and (3) "Temporary Orders in Suit to Modify Child Support" signed on June 20, 2025. None of the three temporary orders appears to be a final judgment or an appealable interlocutory order, and the district clerk has confirmed that the trial court has not signed a final judgment or order in this case.

On July 11, we informed Appellant of our concern that we do not have jurisdiction over his appeal. We stated that, unless he or another party desiring to continue the appeal responded with grounds for continuing the appeal, it might be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

In response, Appellant acknowledges that "temporary orders issued in SAPCR proceedings are generally not appealable under Tex[as] Fam[ily] Code [Section] 105.001(e)," but he contends that "this appeal is warranted because the orders at issue involve constitutional violations, judicial misconduct, and coercive conduct that render them functionally final or otherwise voidable or void ab initio." He asks this court to continue his appeal or alternatively to either construe it as a petition for writ of mandamus or to consolidate it with a "soon-to-be-filed petition addressing the same judicial conduct and due[-]process violations."

2

This court's appellate jurisdiction is generally limited to review of: (1) final judgments that dispose of all parties and all claims; and (2) certain interlocutory orders made appealable by statute. *See, e.g.*, *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). The three temporary orders do not dispose of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). As Appellant concedes, "[t]emporary orders rendered [in SAPCR cases] are not subject to interlocutory appeal," *see* Tex. Fam. Code Ann. § 105.001(e), and Appellant has not otherwise shown that any of the challenged temporary orders are appealable. Thus, we lack jurisdiction over this appeal.

Regarding Appellant's alternative request that we construe his appeal as a petition for writ of mandamus, we decline to do so because his jurisdictional response and other filings in this appeal do not meet the requirements of Texas Rule of Appellate Procedure 52. *See* Tex. R. App. P. 52; *Thomas v. Tex. Dep't of Crim. Just.—Inst. Div.*, 3 S.W.3d 665, 667 (Tex. App.—Fort Worth 1999, no pet.). We also deny his request to consolidate this appeal with a future-filed original proceeding.

Accordingly, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  August 14, 2025