

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00388-CV

_____

JOHN BELMONT, Appellant

V.

CLAUDIA BELMONT, Appellee

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-768621-25

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant John Belmont attempts to appeal from a "Final Protective Order" signed on July 25, 2025. The order does not appear to be a final judgment or an appealable interlocutory order. *See* Tex. Fam. Code Ann. § 81.009(b) ("A protective order rendered against a party in a suit for dissolution of a marriage may not be appealed until the time the final decree of dissolution of the marriage becomes a final, appealable order.").

On August 4, 2025, we informed Appellant of our concern that we do not have jurisdiction over his appeal. We stated that, unless he or another party desiring to continue the appeal responded with grounds for continuing the appeal, it might be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

In response, Appellant acknowledges Section 81.009(b) but claims that Section 81.009(a) "reflects the [Texas] Legislature's intent to allow immediate review of protective orders regardless of procedural context, to prevent orders with significant personal and property restraints from evading meaningful review." *See* Tex. Fam. Code Ann. § 81.009(a) ("Except as provided by Subsections (b) and (c), a protective order rendered under this subtitle may be appealed."). Alternatively, Appellant states that "[i]f this [c]ourt concludes that Texas Family Code § 81.009(b) prohibits a direct appeal of the protective order because it was issued within the ongoing divorce under the same cause number, Appellant respectfully requests that the [c]ourt treat this filing as a petition for writ of mandamus."

This court's appellate jurisdiction is generally limited to review of (1) final judgments that dispose of all parties and all claims and (2) certain interlocutory orders made appealable by statute. *See, e.g.*, *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). The protective order does not dispose of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Moreover, Appellant has not otherwise shown that the challenged protective order is appealable. Thus, we lack jurisdiction over this appeal.

Regarding Appellant's alternative request that we construe his appeal as a petition for writ of mandamus, we decline to do so because his jurisdictional response and other filings in this appeal do not meet the requirements of Texas Rule of Appellate Procedure 52. *See* Tex. R. App. P. 52.3, 52.7(a); *Thomas v. Tex. Dep't of Crim. Just.—Institutional Div.*, 3 S.W.3d 665, 667 (Tex. App.—Fort Worth 1999, no pet.).

Accordingly, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *In re F.R.*, No. 02-25-00314-CV, 2025 WL 2370583, at *1 (Tex. App.—Fort Worth Aug. 14, 2025, no pet. h.) (mem. op.).

Per Curiam

Delivered: August 29, 2025

3