**Opinion filed October 16, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00265-CV
_____

## PAULA MORRIS, Appellant

## V.

## CITY OF MIDLAND, TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV57069**

### M E M O R A N D U M   O P I N I O N

We withdraw our former opinion dated October 9, 2025, and we substitute this opinion therefor.

Appellant, Paula Morris, filed a pro se notice of appeal from the trial court's fourth order finding her in contempt for violating its final judgment for a permanent injunction against her based on her repeated violations of municipal ordinances. *See Morris v. City of Midland*, No. 11-22-00209-CV, 2023 WL 8262750, *1, *10 (Tex. App.—Eastland Nov. 30, 2023, pet. denied) (mem. op.) (affirming the trial court's judgments in the same trial court cause number). We dismiss the appeal for want of jurisdiction.

In its fourth contempt order, the trial court granted Appellee's motion to show cause due to Morris's continued failure to comply with the final judgment, found her in contempt, imposed a $500 fine for each violation, ordered her to remove the prohibited items from her property to come into compliance with the judgment, and, if she failed to do so, instructed the sheriff or an officer or agent of Appellee, the City of Midland, to enter upon the property to remove the items that violate the judgment.

When this appeal was docketed, we informed Morris by letter that it appeared that the trial court's order was not appealable. We requested Morris to respond and show grounds to continue the appeal, and we notified her that the appeal was subject to dismissal. Morris filed a "MOTION AND RESPONSE SHOWING GROUNDS FOR APPEAL," stating that she now "seeks review of the [trial court's fourth contempt order] by *writ of mandamus*," citing Rule 24.4(a)(5) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 24.4(a)(5) (relating to appellate review of a trial court's supersedeas decisions).

As we informed Morris in *Morris v. City of Midland*, we lack jurisdiction in a direct appeal to review a contempt order that does not impose confinement. *Id.* at *9 (citing *Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983)).

Moreover, we decline to construe Morris's jurisdictional response as a petition for writ of mandamus because her response, even liberally construed, does not meet the requirements of Rule 52 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3 (among other requirements, the petition must contain a certification and a clear and concise argument with appropriate citations to authorities and the appendix or record), 52.7 (requiring a record filed contemporaneously with the petition, which includes a certified or sworn copy of every document material for relief and a properly authenticated transcript of relevant testimony); *In re F.R.*, No. 02-25-00314-CV, 2025 WL 2370583, at *1 (Tex. App.—

Fort Worth Aug. 14, 2025, no pet.) (mem. op.) (citing *Thomas v. Tex. Dep't of Crim. Just.—Inst. Div.*, 3 S.W.3d 665, 667 (Tex. App.—Fort Worth 1999, no pet.)). Instead, Morris broadly contends that (1) the trial court abused its discretion regarding an ordinance "despite the testimony of [an officer] that he was aware that Appellant was conducting a garage sale during *multiple days [c]ited*," and (2) the trial court's "permanent injunction (Ex. 2) did not prohibit [her] from conducting garage sales," attaching only portions of the City of Midland Municipal Code, the final judgment, and the fourth contempt order. As such, her jurisdictional response does not meet the requirements of Rule 52, a rule that provides for extraordinary relief from this court in appropriate circumstances when the relief sought is supported by the law and by competent evidence within the petition and the corresponding record. *See* TEX. R. APP. P. 52. Moreover, to the extent Morris is attempting to challenge the trial court's final judgment for a permanent injunction a subsequent time, her contentions have already been thoroughly addressed. *Morris*, 2023 WL 8262750, at *3, *6–9.

Accordingly, we conclude that Appellant's notice of appeal does not invoke this court's appellate jurisdiction. We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JOHN M. BAILEY
CHIEF JUSTICE

October 16, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Williams, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.