

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00367-CR
No. 02-25-00368-CR

_____

EX PARTE BRIAN COLE

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court Nos. 1787785, 1788991

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Brian Cole filed these appeals complaining that the trial court had not ruled on his pretrial applications for habeas corpus. However, we do not have jurisdiction over an appeal unless a trial court has signed an appealable order. *See Ahmad v. State*, 158 S.W.3d 525, 526 (Tex. App.—Fort Worth 2004, pet. ref'd) (noting that a criminal defendant may generally appeal only from a final judgment); *see also McCray v. State*, No. 02-24-00179-CR, 2024 WL 3195116, at *1 (Tex. App.—Fort Worth June 27, 2024, no pet.) (mem. op., not designated for publication) (noting that "a final judgment or an appealable order is necessary for this court to obtain jurisdiction"); *Ex parte Mims*, Nos. 02-24-00324-CR, 02-24-00325-CR, 02-24-00326-CR, 2025 WL 647354, at *1 (Tex. App.—Fort Worth Feb. 27, 2025, pet. ref'd) (mem. op., not designated for publication) (discussing when intermediate appellate court has jurisdiction over appeal from order denying pretrial writ of habeas corpus).

Here, the trial court has not signed any final judgments or appealable interlocutory orders. Accordingly, we notified Cole of our concern that we lacked jurisdiction over these appeals, and we cautioned him that we would dismiss the appeals unless he or another party filed a response showing grounds to continue them.

In response, Cole filed a "Motion to Invoke Jurisdiction and for Abatement to Compel Ruling on Pretrial Habeas Corpus Applications," which we construe as his jurisdictional response. The response states that we have appellate jurisdiction under

Texas Rule of Appellate Procedure 31, *see* Tex. R. App. P. 31.1–31.4, but it does not show any grounds for continuing the appeals when the trial court has not signed any appealable orders.

Cole's response also cites Texas Government Code Section 22.221 and asks this court to abate the appeals, compel the trial court to hold a hearing, and rule on his habeas applications within thirty days. *See* Tex. Gov't Code Ann. § 22.221 (providing intermediate appellate courts with authority to issue writs of mandamus). Cole has not filed a petition for writ of mandamus and has not asked us to construe his notices of appeal or response as such a petition. However, to the extent that Cole's response constitutes a request that this court grant mandamus relief, we deny the request because his filings in this court do not meet the requirements of Texas Rule of Appellate Procedure 52. *See* Tex. R. App. P. 52.3, 52.7(a); *Thomas v. Tex. Dep't of Crim. Just.—Institutional Div.*, 3 S.W.3d 665, 667 (Tex. App.—Fort Worth 1999, no pet.).

Because there does not appear to be any written, signed order from which to appeal, we dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see also Ex parte Yezak,* No. 03-22-00582-CR, 2022 WL 15526491, at *1 (Tex. App.—Austin Oct. 28, 2022, no pet.) (mem. op., not designated for publication) (dismissing appeal that sought review of trial court's failure to rule on habeas application).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 8, 2026